JOHANNA KAINZ, Respondent, v. JOSEPH GOLDSMITH, Appellant.

First Department, December 26, 1930.

*Edmund B. Hennefeld* of counsel [*David Steckler*, attorney], for the appellant.

*Arthur T. Schmidt*, for the respondent.

MARTIN, J. The defendant, a notary public, certified that the plaintiff, respondent, had acknowledged the execution of a certain mortgage although the plaintiff had not executed or acknowledged the instrument in question. The plaintiff says she was thereby damaged in several respects, including necessary legal expense in

defending a foreclosure action on the mortgage and in bringing an action to have the mortgage set aside and canceled.

Several attempts have been made to properly plead defenses to the plaintiff's action to recover the alleged damages. On April 11, 1930, pursuant to the leave granted by this court, the defendant served a second amended answer, which contained the same denials and admissions contained in the first amended answer, and three separate and distinct affirmative defenses.

The plaintiff thereupon served a notice of motion returnable April 25, 1930, to strike out the defenses as insufficient in law under rule 109 of the Rules of Civil Practice; as indefinite, uncertain and obscure under rule 102; as frivolous and sham under rule 103; and in general as not proper defenses under section 261 of the Civil Practice Act. The Special Term granted the motion and it is from that order that defendant appeals.

The complaint sets out that a forged mortgage was placed on record on the property of the plaintiff; that it could not have been placed on record if it had not been acknowledged by the defendant as a notary public. It also alleges that by reason of the false certification of acknowledgment and misconduct of the defendant the plaintiff has been damaged in the sum of $15,000 and then proceeds to allege that the plaintiff " suffered and continues to suffer great mental and physical anguish, humiliation, inconvenience, strain and injury by reason of the worry, fear and consternation caused by the act of the defendant herein."

The first contention of the respondent is that this court has already disposed of the defenses now set forth in the answer. In deciding the former appeal (228 App. Div. 812), we were passing on the form of the defenses only, and not the substance thereof. The defenses then contained several conclusions but failed to set forth facts constituting a defense. The facts are now set forth in the answer and if established constitute a defense to a tort action.

The allegations of the complaint, irrespective of the phraseology used in stating the facts, are intended to be a narration of the transaction, and clearly establish that the action is a tort action. It is alleged that the defendant as such notary public acknowledged that plaintiff signed a mortgage although plaintiff had never signed such mortgage; that the mortgage could not have been recorded except for defendant's act in so acknowledging the instrument. The damages claimed are those recoverable in a tort action only and the complaint specifically alleges that the damage was caused by the misconduct of the defendant.

The answer alleges that on or about the 4th day of March, 1929, the defendant took the acknowledgment of the plaintiff as set forth in the complaint, and executed a certificate that the plaintiff

appeared before him and acknowledged that she executed the mortgage described in the complaint. The defendant took the plaintiff's said acknowledgment and so certified at the express instance and request and in the presence of Samuel Sason, the person described in the complaint as the mortgagee. It is then alleged that the mortgage was recorded on the 6th day of March, 1929, or procured to be recorded by Samuel Sason, his agents or servants. The answer sets forth that Samuel Sason and this defendant are jointly liable if either one is liable, for the alleged tort and alleged damages, if any, occasioned thereby. It is then set forth that on August 14, 1929, Samuel Sason and this plaintiff and her husband entered into an agreement in writing by the terms of which the claims of the parties against each other were fully paid and satisfied and general releases exchanged; that among the aforesaid claims of this plaintiff against the said Samuel Sason was the claim upon which this suit is brought.

The consideration for the general releases is then set forth and it is alleged that the plaintiff released by a general release under seal all claims against the said Samuel Sason, including the claim set forth in the complaint herein; that by reason of the release, the plaintiff forever discharged both the said Samuel Sason and this defendant from all claims whatsoever arising out of the injury alleged in the complaint herein to have been received by the plaintiff. These same facts are set forth in a defense of discharge and release and also in a partial defense.

The defendant very properly set forth the facts and alleged that the damage, if any, was the result of the acts of the joint tort feasors, and that the plaintiff having settled with the other joint tort feasor and having executed a general release, has released this defendant, with the result that the claims set forth in the complaint have been satisfied and discharged and that there is, therefore, no liability on the part of this defendant.

The concurring acts of both caused the damage. For the result both are responsible, but there may be only one satisfaction. (*Kirchner* v. *State of New York*, 223 App. Div. 543, and cases cited.)

While the defenses are in part repetition nevertheless they are sufficiently set forth and, if proved, will defeat the plaintiff's claim.

The order striking out the defenses should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.