JAMES J. WALSH, Respondent, *v.* CHARLES A. JUDGE et al., Defendants, and ALEX KELSO et al., Appellants.

(Argued November 19, 1931; decided January 5, 1932.)

*Jeremiah T. Mahoney, Vincent L. Leibell* and *Charles Maitland Beattie* for appellants. Plaintiff was guilty of

the misconduct charged against him; therefore, he has suffered no legal damage and has no cause of action for conspiracy against the defendants, irrespective of their motives in proceeding against him. (*Von Au* v. *Magenheimer*, 126 App. Div. 257; 196 N. Y. 510; *Dalury* v. *Rezinas*, 183 App. Div. 456; 229 N. Y. 513; *Carroll Building Corp.* v. *Greenberg P. Supplies, Inc.*, 216 App. Div. 268; 244 N. Y. 543; *Beardsley* v. *Kilmer*, 236 N. Y. 80; *Cohen* v. *Fisher & Co.*, 135 App. Div. 238; *Moon* v. *Flack*, 74 N. H. 140; *Grand Lodge* v. *Schuetze*, 83 S. W. Rep. 231; *Kellogg* v. *Sowerby*, 190 N. Y. 370; *Lobel* v. *Trade Bank of New York*, 132 Misc. Rep. 643; *Kehoe* v. *Leonard*, 176 App. Div. 626; *Flannery* v. *Van Tassel*, 131 N. Y. 639; *Beers* v. *McNaught*, 175 App. Div. 643.) The findings in the reinstatement action that plaintiff had in fact been guilty of the misconduct before the district council, were conclusive against the plaintiff, and, therefore, the question should not have been left as one of fact for the jury. (*Booth* v. *Powers*, 56 N. Y. 22; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Schuykill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609; *Gugel* v. *Hiscox*, 216 N. Y. 145.)

*Donald Marks, Clarence M. Lewis* and *W. N. Seligsberg* for respondent. The jury's verdict as to the existence of a conspiracy is sustained by the evidence. (Civ. Prac. Act, § 589; *National Cash Register Co.* v. *Remington Arms Co.*, 242 N. Y. 99; *Walsh* v. *Moncur*, 218 App. Div. 867; *Wilcox* v. *Royal Arcanum*, 210 N. Y. 370; *People* v. *Van Tassel*, 156 N. Y. 561; *Heughes* v. *Board of Education*, 37 App. Div. 180; *Finnegan* v. *Butler*, 182 N. Y. Supp. 671; *Thompson* v. *Grand International Brotherhood*, 41 Tex. Civ. App. 176; *Polin* v. *Kaplan*, 257 N. Y. 277; *McCantz* v. *Brotherhood of Painters*, 13 S. W. Rep. [2d] 902; *Mullen* v. *Seegers*, 294 S. W. Rep. 745.) Defendants' conspiracy, which brought about plaintiff's illegal ouster,

gives rise to a cause of action. (*National Protective Assn.* v. *Cumming,* 170 N. Y. 315; *Auburn Draying Co.* v. *Wardell,* 227 N. Y. 1; *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *Curran* v. *Galen,* 152 N. Y. 33; *Thompson* v. *Grand International Brotherhood,* 41 Tex. Civ. App. 176; *Grand International Brotherhood* v. *Green,* 210 Ala. 496; *Campbell* v. *Johnson,* 167 Fed. Rep. 102;. *McCantz* v. *Brotherhood of Painters,* 13 S. W. Rep. [2d] 902; *Mullen* v. *Seegers,* 294 S. W. Rep. 745; *Otto* v. *Tailors' Union,* 75 Cal. 308; *Connell* v. *Stalker,* 21 Misc. Rep. 609; *Peekskill Theatre, Inc.,* v. *Advance Theatrical Co.,* 206 App. Div. 138; *Grassi Contracting Co.* v. *Bennett,* 174 App. Div. 244; *Burgess* v. *Stewart,* 112 Misc. Rep. 347; 194 App. Div. 913; *Grand Shoe Co.* v. *Children's Shoe Workers' Union,* 187 N. Y. Supp. 886; *Sultan* v. *Star Co.,* 106 Misc. Rep. 43; *Newton Co.* v. *Erickson,* 126 N. Y. Supp. 949; 144 App. Div. 939.) The question of plaintiff's guilt was not a material issue in the reinstatement action; hence the findings are not conclusive in this action. (*Stokes* v. *Foote,* 172 N. Y. 327; *House* v. *Lockwood,* 137 N. Y. 259.)

O'BRIEN, J.   Plaintiff was president of a local branch in New York city of the United Brotherhood of Carpenters and Joiners of America.   On January 16, 1925, charges were preferred against him by defendant Kelso that, on November 26, 1924, at a meeting of the district council of the brotherhood, he acted in a boisterous manner, refused to come to order, refused to retire when requested, used profane and indecent language, insulted the officers and members of the council and obstructed the business of the organization to such an extent that the chairman was obliged to summon an officer of the law before plaintiff would retire.   He attended and took part in the trial of these charges before a committee of the district council, which found him guilty and recommended a fine of $100.   It was imposed by the council but plaintiff

failed to pay and he was dropped from his union. He brought an action for reinstatement and in that action the court incidentally found that the charges were true but the essential conclusion of law was that the district council was without jurisdiction to try them. Plaintiff was reinstated.

The supplemental complaint in the present action alleges that defendants, some of whom are members of the local and others members of the district council, maliciously conspired in October, November and December, 1924, to cause plaintiff to be expelled from membership in the national brotherhood and to lose his position as president of the local. After this action was begun, new charges were preferred against him and for a second time he was expelled. He is no longer a member. In this supplemental complaint are alleged facts relating to the second expulsion but the action is for damages growing out of the former one. In his brief, plaintiff argues that, the illegality of the first expulsion having been established, no issue remains except the question whether that expulsion was accomplished as the result of a conspiracy among defendants. He urges that his guilt or innocence of the charges which ended in the first ouster is immaterial.

On the trial of the present action the evidence relating to the truth of the charges was conflicting. There was testimony that at the meeting on November 24, 1924, plaintiff was drunk and disorderly; there was also directly contrary testimony. The court charged that the jury might " consider whether or not the charges on which the plaintiff was tried before the district council were well founded or unfounded, and if unfounded, whether they were known by the defendants to be unfounded. Did the defendants, in other words, prefer these charges against the plaintiff knowing them to be false, or believing them to be true? Did they institute those charges before the district council knowing that body not to have

jurisdiction, or believing that it did?" Defendants excepted to the court's refusal to charge that if the jury "find that Walsh was guilty of the matters with which he was charged in the district council proceedings in November, 1924, their verdict must be for defendant." The effect of this part of the main charge, as quoted, and other parts, which preceded it, is an instruction that, if the charges were well founded but if defendants through honest error instituted them before a body which was jurisdictionally defective, they were not guilty of conspiracy; if on the other hand they rested upon no basis and defendants in fact believed them to be unsupported, then the expulsion was improper and the combination among defendants to effect this unlawful result constitutes conspiracy.

The fundamental question is whether in fact the charges were true. If they were based on fact, defendants' combination to dislodge from the union any member who behaved in the manner in which plaintiff is asserted to have comported himself does not merge into an unlawful act and the members of such a combination cannot be held as participants in a conspiracy. Assume that malice toward plaintiff was one of the moving causes which induced them to perform a duty to their organization and that their realization that the infliction of a penalty fell upon one whom they viewed with animosity tended to impart a keener relish to their rightful deed. Surely, the authority to expel for deportment such as intoxication and the use of profane and obscene language at a meeting of the district council existed and the exertion of that power, even when proceeding from mixed motives, does not render it unlawful. (*Beardsley* v. *Kilmer*, 236 N. Y. 80.) If plaintiff did in fact offend the elementary rules of decency in the particulars which are specified, few would dispute the proposition that the forfeiture was not so excessive as to require an inference that it was inflicted from motives of undiluted malice.

That part of the charge which has been quoted does not quite sufficiently approach the definite and the specific and may be held to include an instruction slightly extraneous to the issue. Reference to defendants' belief or their knowledge or their ignorance in relation to the jurisdiction of the district council may have confused the jury. Defendants' state of mind concerning jurisdiction is scarcely a practical issue in the case. If conspirators maliciously combine to eject a fellow-member from their union, one cannot conceive that they would consciously select an agency which possessed no power to effect their purpose. So, after all, the issue of fact is narrowed to the question whether the charges were true. If they were untrue, defendants, who are shown to have been animated in a considerable degree by malice, did not perform a lawful act in expelling or attempting to expel a blameless member, and an honest belief would not save their combination from the brand of conspiracy. When people are inspired by malice, they must be sure that their adversary is wrong. We think reversible error was committed in refusing to instruct that if plaintiff was guilty of the charges, the verdict must be for defendants.

The judgments should be reversed and a new trial granted with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE and KELLOGG, JJ., concur; LEHMAN and HUBBS, JJ., dissent.

Judgments reversed, etc.