HORACE M. GRAY, Appellant, v. JOHN J. FOGARTY and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint within ten days on payment of costs.  It is likely that the complaint states facts sufficient to constitute a cause of action in alleging that the defendants, some of whom are designated as " de facto " officials of the city, conspired together to cause injury to the plaintiff's property — clothing their acts by the appearance of legality but being prompted, as is claimed, by willful and malevolent purposes.  (Amer. Bank & Trust Co. v. Federal Bank, 256 U. S. 350; Beardsley v. Kilmer, 236 N. Y. 80, and 9 Cornell Law Quarterly, 371, 379; Walsh v. Judge, 258 N. Y. 76; Tuttle v. Buck, 107 Minn. 145; Speyer v. School Dist. No. 1, 82 Colo. 534; 57 A. L. R. 203; Dishaw v. Wadleigh, 15 App. Div. 205; Verplanck v. Van Buren, 76 N. Y. 247, 259; Dean v. Kochendorfer, 237 id. 384.) The motion was made on the further ground that the plaintiff had released his cause of action (Rules Civ. Prac. rule 107, subd. 7), and·affidavits were submitted showing that the plaintiff had received full satisfaction from another for the same

---

* Affd., 262 N. Y. ——.

injury to property which is the basis of this complaint, and had in writing acknowledged such payment and given a release for the damages. It is the general rule that although several may be sued for the same injury there can be but one satisfaction. (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628; *Gilbert* v. *Finch*, 173 id. 455, 462; *Harbeck* v. *Pupin*, 145 id. 70; *Blackman* v. *Simpson*, 120 Mich. 377; *Brown* v. *City of Cambridge*, 3 Allen [Mass.], 474; *Miller* v. *Beck & Co,*, 108 Iowa, 575; *Brown* v. *Louisburg*, 126 N. C. 701.) If the plaintiff were permitted to recover in this action, as it now appears, it would result in multiplying the damages for which, by his own agreement and the payment in accordance therewith, he had already been compensated and had given satisfaction thereof. The fact that these defendants are different parties and the suit is in form different, cannot obliterate the admitted fact that he has been fully paid for the injury to his land; and it would seem that the acts of the different persons were directed to one end and resulted in the same injury and damage. It may be that the damages the plaintiff seeks are other than those stated, but the complaint does not so indicate. Or it may be that the acts now complained of were of a different nature, and that there was no privity between these alleged wrongdoers and those with whom a settlement was made. (*Atlantic Dock Co.* v. *Mayor, etc., N. Y. City*, 53 N. Y. 64.) He should, therefore, be granted the right to amend. Kapper, Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents from the decision in so far as it states that the plaintiff has any cause of action, on the ground that any act which the law says one has a legal right to do does not become wrongful or actionable no matter what the motive may be.