THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAM KAPLAN and Others, Defendants.

Supreme Court, New York County, April 26, 1933.

*Thomas C. T. Crain, District Attorney* [*Richard H. Gibbs, Assistant District Attorney*, of counsel], for the plaintiff.

*Max D. Steuer* [*Max D. Steuer and Irving J. Levy* of counsel], for the defendants.

FRANKENTHALER, J.   This is a motion by the defendants Kaplan and Greenberg for a certificate of reasonable doubt pending the determination of their appeal from a judgment of conviction of a misdemeanor entered against them after a trial in the Court of General Sessions.   The indictment charged the defendants with violating section 530 of the Penal Law, which ·provides that the crime of coercion is committed by " a person who with a view to compel another person to do or to abstain from doing an ·act which such other person has a legal right to do or to abstain from doing, wrongfully and unlawfully (1) Uses violence or inflicts injury upon such other person or his family, or a member thereof, or upon his property or threatens such violence or injury."   Upon their con-

viction the trial court imposed an indeterminate sentence and stated that it would recommend on the warrant of commitment that the sentence be limited to a period of six months.

Upon a motion for a certificate of reasonable doubt the court is not called upon to decide whether or not the conviction will be reversed upon appeal. The only question presented on an application of this character is whether " there is reasonable doubt whether the judgment should stand." (Code Crim. Proc. § 527.) If there is reasonable doubt as to whether a judgment will be affirmed upon appeal, an appellant is entitled to be admitted to bail pending the decision of the appellate court. Otherwise, success upon the appeal would prove to be a Pyrrhic victory, since by the time of the determination of the appeal the defendant would have served part or all of the sentence imposed. In the instant case it is highly improbable that the appeal can be decided before the expiration of the six months' sentence and great harm would, therefore, result to the defendants from the denial of this motion should they subsequently succeed upon their appeal.

The injury which the defendants were charged with having inflicted consisted of the expulsion of certain members of Local 306 of the Moving Picture Operators Union of Greater New York from their membership in that organization. The indictment accused the defendants of having done this for the purpose of compelling the expelled members to discontinue actions which the latter had instituted against them. The learned trial court charged the jury that the defendants might be found guilty of the crime of coercion even though the expulsion of the members was authorized by the constitution and by-laws which constituted the contract between the union and its members: " Now, it follows from what I have said about the law that we are not concerned here primarily with whether these men were expelled in violation of the contract between them and the union or not. * * * even if they conformed to the contract and did not violate their own rules in expelling them, yet if that expulsion was a cloak, a means of forcing the complainants and coercing them, by fear of injury to their persons or property or business, to discontinue these actions, then the mere fact that they did it in conformity with the rules of the union is not a defense. * * * The rules, though proper in themselves, cannot be used to cloak a crime. Therefore, as I say, the prime object here is not to determine whether the action of the union violated its contract with these men, but it is to determine whether their action was a criminal action, namely, the applying of coercive means to compel these men to abandon their law suits." This instruction was repeated,

in substance, at the close of the charge: " the question here is not whether they acted within their powers, but the question is what was the intent with which they acted; whether there was an intent or not to force a discontinuance of the action." Immediately thereafter the court repeated this thought: " Even if they expelled these men in compliance with the rules and had a right to expel them, if they expelled them with a view to compel them to discontinue these actions, then they may be convicted upon this charge." These instructions were coupled with the further charge that the jury might convict the defendants even if the desire to bring about the discontinuance of the actions brought against them was *not* the *sole* purpose and motive for the expulsion: " I will also charge you as a matter of law that it is not necessary that the act should be done with the sole intent to exercise this coercion. * * * that it need not be proved that their desire to effect a discontinuance of the action was their sole motive. A man may be animated, and usually is, by more than one motive at a time."

The effect of these instructions to the jury was to permit a conviction of the defendants for doing an act which they otherwise had a legal right to do and which was actuated by a justifiable purpose, merely because a malicious purpose was also present. The charge of the court in this respect appears to be erroneous. In the recent case of *Walsh* v. *Judge* (258 N. Y. 76) an action was brought for alleged malicious conspiracy " to cause plaintiff to be expelled from membership in the national brotherhood and to lose his position as president of the local." The Court of Appeals held that the fundamental question was whether the charges proved against the plaintiff were true, taking the view that the defendants were not guilty of a wrong if the charges were true and justified expulsion even if " malice toward plaintiff was one of the moving causes which induced them to perform a duty to their organization and that their realization that the infliction of a penalty fell upon one whom they viewed with animosity tended to impart a keener relish to their rightful deed " (p. 80). The court said (p. 80): " Surely, the authority to expel for deportment such as intoxication and the use of profane and obscene language at a meeting of the district council existed and the exertion of that power, even when proceeding from mixed motives, does not render it unlawful."

The same thought is expressed in an excerpt from an opinion of Mr. Justice HOLMES, quoted with approval in *Beardsley* v. *Kilmer* (236 N. Y. 80, at p. 90): " These views find recent support in one of Mr. Justice HOLMES' epigrammatic phrases which, in a discussion of this general subject, speaks of ' disinterested malevolence ' and which is supposed to mean that the genesis which will make a

lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another. (*American Bank & Trust Co.* v. *Fed. Reserve Bank of Atlanta,* 256 U. S. 350.) "

As our Court of Appeals said in the *Beardsley Case* (*supra,* p. 89): " We are compelled to disagree with plaintiff's view that the acts complained of were solely the conception and birth of malicious motives and when we do this and decide that there were also legitimate purposes the rule seems to be perfectly well established that there is no liability."

There is ample other authority of the same tenor. Indeed, the very statute which the defendants here have been found guilty of violating provides that the crime of coercion is committed only if the person using violence or inflicting injury does so " *wrongfully and unlawfully.*" (Penal Law, § 530.) It would seem to follow from the foregoing that the learned trial court fell into error in instructing the jury, in effect, that the defendants might be found guilty for expulsion of certain members of their union in accordance with the constitution and by-laws of the union and for reasons which justified and motivated the defendants' action, if such proper motives were not unmixed with malicious and improper ones.

Another ground for reversal relied upon by the defendants is that the expulsion under the constitution and by-laws of the union could be accomplished and effectuated only by the membership of the union. Article IX of the constitution provided that accusations and charges against a member had to be presented in the first instance at a regular meeting of the union. If that body decided that the charges were cognizable they would then be referred to the executive board to inquire into the merits and report its findings at the next regular meeting of the union. It was then for the membership of the union to determine whether to accept the findings of the executive board as well as the action to be taken thereon. The expulsions which form the basis of the present indictment were effected in accordance with this procedure. It was not the executive board, of which most of the defendants were members, which inflicted the injuries charged in the indictment, viz., the expelling of certain of the members. The expulsions were the acts of the majority of the membership itself, and not those of a few individual members whose votes may not have been necessary to accomplish the expulsions. Under these circumstances it is reasonably doubtful whether the moving defendants were properly found guilty of an act which only a majority of the membership could commit.

For the reasons indicated, this court is of the opinion that there is reasonable doubt as to whether the judgment of conviction should

stand and that the defendants are, therefore, entitled to a certificate of reasonable doubt. It accordingly becomes unnecessary to consider the various other alleged errors specified in the order to show cause.

The motion is granted. Suggestions as to the amount of the bail will be received upon the settlement of the order. Settle order.