N. & Z. REALTY COMPANY, Plaintiff, *v.* CHARLES E. FENNER and
Others, Defendants.

City Court of New York, New York County, October 23, 1934.

*Bronson Goddard,* for the motion.

*Harry Sena,* opposed.

SCHIMMEL, J. The plaintiff, a New York corporation, has
instituted this action against the defendants, who are stockbrokers,
alleging in substance that one Nathan, who was plaintiff's presi-
dent, paid an individual obligation to the defendants by a corporate
check, which Nathan wrongfully drew and signed as president,

and that the defendants, who received the check and obtained the proceeds thereof, were put upon notice by the check itself that it was a diversion of corporate funds.

Defendants move to dismiss the complaint under rule 107 of the Rules of Civil Practice. They show a general release from the plaintiff corporation to Nathan, and contend that since Nathan and the defendants were joint tort feasors, the general release to Nathan, without a reservation of rights against these defendants, discharged them as well.

Nathan and these defendants were joint tort feasors. (*Squire* v. *Ordemann*, 194 N. Y. 394.)

Plaintiff nevertheless insists that, notwithstanding the fact that it released Nathan, it may waive the tort and maintain the action against defendants as one for money had and received. The complaint is drawn broadly enough so that a cause of action for conversion is undoubtedly there alleged; numerous evidentiary and ultimate facts are set forth which support such a cause. However, assuming that the complaint be read as one in an action for money had and received, the court is of the opinion that the release to Nathan is a bar to the action.

The defendants' obligation to return the proceeds of the check is founded upon the wrongful receipt thereof; the plaintiff had alternative remedies, either to sue in conversion or to waive the tort and sue for money had and received. An action for money had and received based upon the waiver of a tort must be predicated upon the existence of a tort for which plaintiff has not had satisfaction. If no tort were committed, there would be none to waive; similarly, if the plaintiff has had satisfaction for the tort, it cannot base any kind of an action upon the facts which constitute the tort. There can be but one satisfaction. (*Kainz* v. *Goldsmith*, 231 App. Div. 171.) Plaintiff cannot have double satisfaction by resorting to the simple device of seeking a different form of remedy based on the same wrong.

In *Gray* v. *Fogarty* (237 App. Div. 855) it was held that a property owner may not be permitted to recover damages in an action against city officials and others for civil conspiracy to injure his property, based upon their acts in raising the grade level of a street, when such owner already had satisfaction for the same injury from another. The satisfaction received by the owner in that case was a sum paid to him by a real estate company for whose benefit the grade was raised; after such payment the owner instituted the aforementioned action for civil conspiracy. The court said: " The motion [to dismiss the complaint] was made on the further ground that the plaintiff had released his cause of action (Rules Civ. Prac. rule 107,

subd. 7) and affidavits were submitted showing that the plaintiff had received full satisfaction from another for the same injury to property which is the basis of this complaint, and had in writing acknowledged such payment and given a release for the damages. It is the general rule that, although several may be sued for the same injury there can be but one satisfaction. [Citing cases.] If the plaintiff were permitted to recover in this action, as it now appears, it would result in multiplying the damages for which, by his own agreement and the payment in accordance therewith, he had already been compensated and had given satisfaction thereof. The fact that these defendants are different parties and the suit is in form different, cannot obliterate the admitted fact that he has been fully paid for the injury to his land; and it would seem that the acts of the different persons were directed to one end and resulted in the same injury and damage."

In releasing Nathan, plaintiff reserved no rights against these defendants. If these defendants are now compelled to pay over the proceeds of the check to plaintiff, they can then recover from Nathan the amount they must pay plaintiff, since Nathan is presumably indebted to defendants in that amount. Of what avail, then, would the general release be to Nathan, notwithstanding the fact that he has satisfied the plaintiff's claim in order to obtain it, and may well have insisted that the release be without reservation of rights against these defendants in order that there be no possible action over against him by the defendants?

The court is also inclined to the belief that the release by the plaintiff corporation of Nathan, its president, was, in legal effect, a ratification of his act precluding plaintiff from thereafter asserting against any other person the claim that such act was wrongful. (*American Defense Society* v. *Sherman National Bank*, 225 N. Y. 506, at pp. 508, 509.) (See, also, *Fowler* v. *Bowery Savings Bank*, 113 id. 450.)

Legal fiction aside, the present action, even if it be regarded as one for money had and received, is based upon a wrong which one of the joint wrongdoers has righted. It may not be maintained in any form.

Defendants' motion, pursuant to rule 107 of the Rules of Civil Practice, is granted. The complaint is dismissed. Let judgment be entered accordingly.