RENO v. THOMPSON et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. JUDGMENT—BAR BY FORMER ADJUDICATION—JOINT TORT-FEASORS.

An action against one of several joint tort-feasors is not barred unless the judgment rendered in a prior action against another of the tort-feasors has been satisfied.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Judgment, §§ 1146, 1147.]

2. PLEADING—ANSWER—NEW MATTER—DENIAL—REPLY—NECESSITY.

An answer, in an action against one of several joint tort-feasors, which alleges payment of the judgment rendered in a prior action against an- other of the tort-feasors, is new matter pleaded as a defense by way of

avoidance, and is deemed denied under Code Civ. Proc. § 522, providing that an allegation of new matter in an answer to which a reply is not required shall be deemed controverted by the adverse party.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 321½.]

Appeal from Trial Term, Kings County.

Action by Jesse W. Reno against Frederick Thompson and another. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Maxwell Slade, for appellant.

L. H. Doorly, for respondents.

RICH, J.   It appears that this plaintiff brought an action in the Supreme Court against one Paul Boynton to recover damages for a trespass and conversion of personal property.   In his complaint he alleged an agreement with Boynton by which Boynton let to him a portion of Sea Lion Park, Coney Island, for the season of 1902 and for each season thereafter up to 1914, for the purpose of the erection thereon of an amusement device owned by plaintiff and known as the "Electric Cyclorama," and that plaintiff went into possession of said premises under said agreement and erected thereon said Electric Cyclorama, "consisting of an octagonal building including a spiral staircase * * * and two panoramic paintings, the one of the naval battle of Santiago and the other that of Manilla.   The cost of which building, staircase, and paintings was $3,000."   He further alleged:

"[Upon information and belief] that on or about the 1st day of October, 1902, the said defendant, his agents, and servants forcibly entered the said premises and took possession thereof, and excluded this plaintiff therefrom, and have ever since refused to allow this plaintiff to enter the same.

"VI. [Upon information and belief] that by the wrongful entry of the defendant, his agents, and servants as hereinbefore set forth, and their wrongful ejection of this plaintiff, he has been damaged, as he verily believes, in the sum of $18,000, being 80 per cent. of the gross receipts of the entrance fees for the seasons of 1903 up to and including 1914 as estimated by the parties to the said agreement at the time when the rental of twenty per cent. thereof was reserved to the defendant as rent, to wit, $28,000 less this plaintiff's expenses during the same time, to wit, $10,800.

"Second Cause of Action.

"Repeating paragraphs I, II, and III hereinbefore set forth, and making them a part of this cause of action, this plaintiff further alleges that on or about the 1st day of October, 1902, the said defendant took and carried away and converted to his own use the building and paintings hereinbefore set forth, to this plaintiff's damage $3,000.

"Wherefore this plaintiff prays judgment against said defendant for the sum of $21,000, with interest from October 1st, 1902."

Boynton denied these allegations of the complaint; and alleged a breach of the contract and its consequent termination before the close of the season of 1902, at which time plaintiff was to remove his building from the park.   He further alleged that he was never the owner of Sea Lion Park; that it was owned by the Sea Beach Land Company, who had leased the same to one Lenehan, whose lease expired January 1, 1905; that on August 12, 1902, Lenehan failed to pay the rent, etc.,

and said company entered and took possession of the premises, and, according to the terms of the lease, all of the buildings erected thereon, presumably the one erected by the plaintiff. The issues so formed came on for trial at a Trial Term held June 8, 1904. The jury rendered a verdict for the plaintiff for $1,800, on which judgment was entered on June 15, 1904, for $1,934.05.

This action was commenced July 23, 1903, in which plaintiff seeks to recover damages for the same trespass, eviction, and conversion. The reading of the two complaints leaves no room for doubt that the causes of action are identical. The defendants, by their amended answer, denied the allegations of the complaint, and alleged affirmatively the former action against Boynton, that the trespass and conversion alleged in that action is the same trespass and same conversion alleged, and sought to be recovered for in this action. The plaintiff served no reply. After a jury had been impaneled counsel for the defendants moved for judgment upon the pleadings, upon the ground that "it appears affirmatively that there has been one recovery for the cause of action sued for herein, reduced to judgment and satisfied," and the motion was granted, to which plaintiff's counsel excepted.

In granting this motion we think the learned trial justice committed an error which calls for a reversal of the judgment. There is no question but that the contention of counsel for the defendants, that where an action is brought against one of several joint tort-feasors to recover the entire damages sustained, followed by judgment which is paid to plaintiff, that he cannot again recover against other wrongdoers damages for the same tort, the rule being that he can have but one satisfaction, and payment of the judgment recovered by one wrongdoer discharges the others, but this record does not present that question for our determination. The question here is, was there any evidence before the trial court warranting the learned trial justice in taking the case from the jury and dismissing the complaint? There was no evidence that defendants and Boynton were joint tort-feasors, the fact was not alleged, or that the judgment recovered in the former action had been paid. Until such payment was established the plaintiff could maintain the action against either or all of the wrongdoers. Nothing short of satisfaction for the injury would relieve them from liability. There was no such evidence. There was no such admission in the pleadings, and none appears to have been made by counsel. The only evidence before the court was the judgment roll in the former action.

The answer alleged the payment and satisfaction of the judgment, and counsel for defendants contends that in consequence of plaintiff's failure to reply to this allegation he admitted its truth, and for the purposes of this action such payment must be held to have been made, and calls our attention tò section 522 of the Code of Civil Procedure as an authority for the contention. The answer in this case did not contain a counterclaim. No reply was therefore required. The bringing of the former action and payment and discharge of the judgment recovered therein did not constitute a counterclaim, and was not alleged as such. It was new matter, pleaded as a defense by way of avoidance, to which plaintiff was not bound to reply. The defendant might have

procured an order under the provisions of section 516 of the Code of Civil Procedure directing the plaintiff to reply, and had he then omitted to reply the new matter would have stood as admitted.

For the reasons stated, the judgment must be reversed and a new trial granted, costs to abide the event. All concur.