MABEL E. MILKS, an Infant under Fourteen Years of Age, by ROLAND MILKS, Her Guardian ad Litem, and ROLAND MILKS, Plaintiffs, *v.* M. A. MCIVER and THE MARY IMOGENE BASSETT HOSPITAL OF COOPERSTOWN, N. Y., Defendants.

Supreme Court, Schoharie County, April 22, 1933.

*Mauhs & Van Deusen,* for the plaintiffs.

*Borst & Smith,* for the defendant McIver.

HEFFERNAN, J.  On the 20th of November, 1931, the infant plaintiff, then seven years of age, was struck by an automobile truck owned by one Fraleigh and operated by one Gallagher, as a result of which her right leg was severely injured.  She was taken to the Mary Imogene Bassett Hospital at Cooperstown, one of the defendants, for treatment and care and she remained there until May 22, 1932.  Dr. McIver, a physician and surgeon, attended her in his professional capacity and administered to her various medicines and performed several operations for the purpose of effecting a cure.

During the month of June, 1932, the infant, through the coplaintiff, her guardian *ad litem,* instituted an action in the Supreme Court against Fraleigh and Gallagher to recover damages for the injuries sustained.  The guardian, her father, instituted a separate action against the same defendants to recover for the loss of the infant's services and for the expenses incident to her treatment and care.

On the 1st of August, 1932, Mr. Justice BLISS, then sitting at Special Term, made an order, on the petition of the guardian and on other papers, directing that the infant's action be compromised and settled for the sum of $3,384.  This money was paid to the guardian, and in accordance with the order of Mr. Justice BLISS he executed and delivered to defendants a general release whereby he released and discharged them from all liability by reason of the injuries which the child sustained.  On the same day the father received from the defendants the sum of $4,500 in settlement of his cause of action, and he executed and delivered to the defendants a similar release.

Thereafter both plaintiffs instituted the present action against the physician and the hospital.  The infant plaintiff in her complaint charges that the physician failed to exercise reasonable skill or care in endeavoring to treat her and that he carelessly and negligently performed operations upon her and that he was guilty of various acts of malpractice.  She charges that the hospital through its agents, servants and employees conducted itself so carelessly, negligently and unskillfully that she contracted various diseases.  By reason of the alleged acts and conduct of the defendants she seeks to recover the sum of $100,000 damages.  Her father seeks to recover the sum of $10,000 for the loss of the child's services and for the expenses incurred in her treatment.

Dr. McIver has moved to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the claims or demands set forth in the complaint have been released by the instrument executed August 1, 1932.

This action having been brought since the settlement of the prior

actions the important question to be decided is whether or not it is barred by the releases.

Where one who has suffered personal injury by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon and his injuries are thereafter aggravated or increased by the negligence, mistake or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor. (*Lyons* v. *Erie R. R. Co.*, 57 N. Y. 489; *Sauter* v. *N. Y. Central & H. R. R. R. Co.*, 66 id. 50; *Radman* v. *Haberstro*, 49 Hun, 605; affd., 119 N. Y. 659; *Wagner* v. *Mittendorf*, 232 id. 481; *Caven* v. *City of Troy*, 15 App. Div. 163.)

There is no allegation in the complaint that the defendant McIver intentionally, willfully or voluntarily did other than to treat the injury intrusted to him according to his skill and ability.

Conceding malpractice on the part of the defendant McIver as charged in the complaint, it seems to me that the plaintiffs are precluded from a recovery against him. Fraleigh and Gallagher were liable not only for the injuries sustained by plaintiffs but also for the malpractice of the attending surgeon and for the expenses of medical attendance. Having that liability in view, they settled with plaintiffs, paying them a substantial sum for a release from further liability. At the time the release was given the child had left the hospital and had already suffered from the alleged malpractice. These were all matters that could have been enforced against the original wrongdoers under their liability for damages, and the settlement was clearly made with a view to covering all these elements of damage. They were known to exist by the parties to the release and the settlement was made with reference to them. In view of the fact that Fraleigh and Gallagher were liable for the negligence of the defendant McIver in improperly treating the child then the release included such damages and is a bar to the present action. The release having been made in full settlement of all existing claims precludes the plaintiffs from bringing a second action for malpractice against the surgeon, occupying somewhat the position of a joint tort feasor, to recover double compensation. The fact that the plaintiffs now say that they did not intend to release McIver is immaterial; a release of the original wrongdoers releases him regardless of the intent of the plaintiffs.

A release by one injured by another's negligence of the negligent person from all actions, causes of action and demands of every kind and nature arising out of the injury prevents an action by him

against the physician for the negligent treatment of the injury. No case has been called to my attention in this State, nor have I been able to find any, involving the precise question. The rule seems to be well settled, however, in other jurisdictions. (*Retelle* v. *Sullivan*, 191 Wis. 576; *Guth* v. *Vaughan*, 231 Ill. App. 143; *Martin* v. *Cunningham*, 93 Wash. 517; *Hooyman* v. *Reeve*, 168 Wis. 420; *Fisher* v. *Milwaukee Electric R. & Light Co.*, 173 id. 57; 53 C. J. 1248; *Keown* v. *Young*, 129 Kan. 563; *Andrews* v. *Davis*, 128 Me. 464.)

For these reasons the application of the moving defendant is granted and the complaint as to him is dismissed, but under the circumstances without costs.