J. ALEXANDER PALMER REALTY CORPORATION, Respondent, v. THE VILLAGE OF CORINTH, Appellant.— Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event, on the ground that proper proof on the part of the defendant was excluded. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.

DAVID GERSTEN and JOSEPH H. GERSTEN, Respondents, v. FANNIE WEINBERG and Others, Appellants. FANNIE WEINBERG, Appellant, v. DAVID GERSTEN and JOSEPH H. GERSTEN, Respondents. FANNIE WEINBERG, Appellant, v. DAVID GERSTEN and JOSEPH H. GERSTEN, Respondents. FANNIE WEINBERG, Appellant, v. DAVID GERSTEN and JOSEPH H. GERSTEN, Respondents.— Judgment modified by striking therefrom the provision or phrase " as long as the obstruction aforesaid shall continue," and as modified affirmed, without costs. Rhodes, McNamee and Crapser, JJ., concur; Hill, P. J., and Bliss, J., dissent and vote to reverse and for a new trial.

MARY W. GIBSON, Appellant, v. CHRISTIAN KUEHN, Individually, and Doing Business under the Assumed Business Name of FIDDLE SHOP, Respondent.— Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Application of GEORGE W. DES JARDINS for a Peremptory Mandamus Order, Appellant, against HENRY MORGENTHAU, JR., Commissioner of the Conservation Department of the State of New York, Respondent.— Order reversed, on the law and facts, with costs. Motion for peremptory order of mandamus granted, with fifty dollars costs, on the ground that petitioner did not have a hearing, after due notice thereof, on stated charges, as prescribed in section 22 of the Civil Service Law. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.

MABEL E. MILKS, an Infant, by ROLAND MILKS, Her Guardian ad Litem, and ROLAND MILKS, Appellants, v. M. A. McIVER and THE MARY IMOGENE BASSETT HOSPITAL OF COOPERSTOWN, N. Y., Respondents.— Order and judgment affirmed, with costs against the adult appellant personally. McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., and Rhodes, J., dissent and vote to reverse upon the ground that a separate cause of action existed against McIver and the hospital. [147 Misc. 297.]