MABEL E. MILKS, an Infant, by ROLAND MILKS, Her Guardian ad Litem, et al., Appellants, *v.* M. A. MCIVER, Respondent, Impleaded with Another.

(Argued February 27, 1934; decided April 17, 1934.)

*Michael D. Reilly* and *Sharon J. Mauhs* for appellants. The decision dismissing the complaint is based on the erroneous premise that the defendants in the previous action and the defendant-respondent in the present action, are joint tort feasors. (*Ader* v. *Blau*, 241 N. Y. 7; *Cuban-Canadian Sugar Co., S. A.,* v. *Arbuckle*, 127 Misc. Rep. 64; *Hoehn* v. *Schenck*, 221 App. Div. 371; *Radman* v. *Haberstro*, 1 N. Y. Supp. 561; *White* v. *Matthews*, 130 Misc. Rep. 301.)

*George B. Smith* and *Lawrence V. Benedict* for respondent. The general releases executed by the plaintiffs released the defendant-respondent. (*Lyons* v. *Erie R. R. Co.*, 57 N. Y. 489; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50; *Radman* v. *Haberstro*, 49 Hun, 605; 119 N. Y. 659; *Wagner* v. *Mittendorf*, 232 N. Y. 481; *Caven* v. *City of Troy*, 15 App. Div. 163; *Retelle* v. *Sullivan*, 191 Wis. 576; *Guth* v. *Vaughan*, 231 Ill. App. 143; *Martin* v. *Cunningham*, 93 Wash. 517; *Hooyman* v. *Reeve*, 168 Wis. 420; *Fisher* v. *Milwaukee Electric R. & Light Co.*, 173 Wis. 57; *Keown* v. *Young*, 129 Kan. 563; *Andrews* v. *Davis*, 128 Me. 464; *Wheat* v. *Carter*, 79 N. H. 150; *Purchase* v. *Seeley*, 231 Mass. 434.)

LEHMAN, J. The infant plaintiff was injured in an automobile accident. She was taken to a hospital and received treatment there. After her discharge from the hospital her guardian *ad litem* received from the owner and the operator of the automobile truck which had struck her the sum of $3,384 as consideration for the execution of a release of all claims against them for damages resulting from the automobile accident. Then she brought this action to recover damages which, it is alleged, she sustained through negligent treatment while in the hospital. The attending physician moved to dismiss the complaint against him, on the ground that the claims or demands against him set forth in the complaint have been released. (Rule 107 of the Rules of Civil Practice.)

The motion was granted and judgment entered dismissing the complaint against him. The hospital did not join in the motion.

Upon this appeal we must assume that the allegations of the complaint can be established by proof, even though the affidavit states that " all of the treatment and care were rendered in a careful and skillful manner." The question is whether the complaint alleges a cause of action for damages which resulted from the negligence of the original tort feasors and for which satisfaction has been accepted. The general release of all claims against the original tort feasors was made without reservation. A general release to one tort feasor made without reservation creates a bar to an action for damages against another tort feasor, arising from the same injury. A physical injury sustained through the negligence of one person may be cured by the skill of a physician, or aggravated through his negligence. The negligence of the physician may then give rise to a cause of action against him, to recover the damages which the injured person would not otherwise have sustained. It may be argued that the original wrongdoer who caused the injury and the physician whose negligence aggravated the injury are not, in technical sense, joint tort feasors. Nevertheless their wrongs coalesced and resulted in damage which would not have been sustained but for the original injury. A wrongdoer is responsible for the proximate result of his wrong. What constitutes a proximate result is not a problem of philosophy. " The law solves these problems pragmatically." (Bird v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 52.) Fortuitous circumstances may divert the flow of cause to effect from its natural course. New streams of greater volume and force may join the flow. Liability for damages caused by wrong ceases at a point dictated by public policy or common sense. In some situations the courts have established a definite rule of limitation. In others the test is one only of degree.

The rule is now well established that a wrongdoer is liable for the ultimate result, though the mistake or even negligence of the physician who treated the injury may have increased the damage which would otherwise have followed from the original wrong. (Cf. *Lyons* v. *Erie Ry. Co.*, 57 N. Y. 489; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50; *Wagner* v. *Mittendorf*, 232 N. Y. 481.) In such case satisfaction by the original wrongdoer of all damages caused by his wrong bars action against the negligent physician who aggravated the damage. The law does not permit a double satisfaction for a single injury. (Cf. *Purchase* v. *Seelye*, 231 Mass. 434.)

It is true that in that case the Massachusetts court held that the general rule was not applicable where the physician's negligence was not in the treatment of the original injury but in making a mistake in identity and performing an operation upon the plaintiff in the belief that " he was operating upon another patient who had a hernia on his left side." There the causal connection between the original injury and the ultimate damages was perhaps too tenuous; and the court said: " Such a mistake was not an act of negligence which could be found to flow legitimately as a natural and probable consequence of the original injury, and a ruling in effect to the contrary could not properly have been made." (p. 437.) (Cf. *Phillips* v. *Werndorff*, 215 Iowa, 521.) No such situation is presented upon this appeal.

The allegations of negligence of the physician in the complaint now under review are vague and all are connected with treatment of the plaintiff in order to cure her injury. Some allegations of negligence on the part of the agents, servants and employees of the hospital might, perhaps, be construed to include matters not connected with the original injury. We are not concerned now with a possible cause of action against the hospital. It is clear that the cause of action, if any, alleged against the physician is for damages resulting from unskillful treat-

ment of the original injury. Such a cause of action is barred by the release of the original wrongdoer.

In the case of *Ader* v. *Blau* (241 N. Y. 7, 12, 15) we held that a cause of action for negligence " in erecting and maintaining an iron picket fence which was dangerous and attractive to children and whereby intestate was injured in a manner which caused infection and death " was inconsistent, and could not be united in one complaint with a cause of action against a physician to whom the intestate came for treatment for such injury and who it was alleged " so negligently treated him that, *solely* by reason of such negligent treatment, intestate died." In the opinion of the court it was pointed out that the plaintiff had chosen to reject any " possibility " of connecting the two causes of action, and had pleaded in separate causes of action that the death was the result solely of disconnected acts of negligence on the part of two separate defendants. " If the defendant Emil by his negligence so treated an injury *not* connected with the offense of the *other defendant* as to cause death the other defendant is not liable." (Italics are new.) On this appeal we construe a complaint which alleges that the defendant negligently treated an injury which *is* connected with and resulted from the wrong of another. It follows that the cause of action so alleged is barred by the satisfaction received for that other's wrong.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.