In the Matter of the Claim of ABRAHAM PARCHEFSKY, Also Known as ABE PARCHEFSKY, Respondent, against KROLL BROS., INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 15, 1934.

*James J. Mahoney* [*William S. Sinclair* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Roy Wiedersum, Assistants Attorney-General*, of counsel], for the State Industrial Board, respondent.

*Joseph B. Finkelstein*, for the claimant, respondent.

HEFFERNAN, J.   This is an appeal by the employer and the Maryland Casualty Company, the insurer, from an award to claimant in the sum of $1,626.67 for thirty-three and one-third per cent permanent loss of use of the right hand.

It is undisputed that claimant, a minor, was employed as a general worker and that on August 13, 1929, he suffered a cut on the right wrist from a broken water bottle.   He was treated therefor at the Fordham Hospital and at a clinic maintained by the insurance carrier pursuant to the carrier's directions.   Thereafter claimant and his father instituted actions in the Supreme Court of this State against the Maryland Casualty Company to recover damages because of the alleged malpractice in treating claimant by physicians connected with the clinic and employed by defendant casualty company.   In their complaint claimant and his father charged that the insurance carrier's physician negligently and carelessly treated claimant's injured hand and negligently failed to discover the true cause of the injury and undertook to treat claimant for some other malady.   The malpractice action was settled for the sum of $3,500.   The only question involved in this claim is whether or not the money which claimant received in settlement of the malpractice suit should be credited to the carrier.

After the adjustment of the malpractice action the State Industrial Board made a schedule award to claimant which is the subject of review.

The contention of the appellants is that they are entitled to have predited on the amount of the award the sum for which the malcractice action was compromised.   They argue that in denying them that offset the Industrial Board has allowed claimant a double recovery for the same injury.

The fundamental error in this reasoning, it seems to me, is that the employer and the physician were not joint tort feasors.   In fact claimant's right to recover for the injury to his hand was not dependent upon his ability to prove that it was tortiously inflicted. His right to compensation was established when it was apparent that he was injured in an accident which arose out of and in the course of his employment.   Whether his employer was or was not negligent and whether claimant was or was not guilty of any lack

of due care are immaterial. The law of torts has no application to his efforts to obtain compensation. Recovery against the insurance carrier on the theory that its physicians were guilty of malpractice is entirely dependent upon plaintiff's ability to prove negligence.

Section 29 of the Workmen's Compensation Law is the only provision of the statute limiting the making of an award where recovery has been obtained in a common-law action. Clearly that section does not apply to this case. It relates solely to suits against third parties causing the injuries. The malpractice action in this case accrued subsequently to the time when claimant was injured in his employment. At the time he was being treated at the carrier's clinic he was performing no services for his employer. The malpractice constituted a separate and distinct tort. Clearly an injured employee still possesses the right to sue physicians or their employers after taking compensation for only the injuries inflicted by his employment unless the Workmen's Compensation Law deprives him of this cause of action. The appellants have failed to point to any language of the Workmen's Compensation Law which clearly and unambiguously abolishes the remedy of an injured workman against a physician. If the appellants' contention is sound then the negligent physician and not the unfortunate injured workman becomes the beneficiary of the statute.

It should also be borne in mind that the schedule award in compensation is an arbitrary measure which the Legislature has established. It makes no allowance for pain and suffering. The relief which an employee obtains is measurably less than he would recover in an action based on negligence. The compensation is merely intended to take the place of the lost earning power. For this difference the injured workman is compensated to some extent by being relieved of the necessity of showing his employer's negligence and his own freedom from contributory negligence. A settlement between the injured employee and his employer under the Workmen's Compensation Law does not preclude recovery against a negligent physician or his employer, in the absence of proof showing that the settlement included compensation for the wrong done by the malpractitioner. Double recovery is the evil to be avoided. The avoidance of that evil does not demand the creation of an arbitrary rule to the effect that the remedy prescribed by the Workmen's Compensation Law precludes an action against the physician. There is nothing in this record to indicate that the compensation paid includes any damages for the malpractice. Certainly it was never the purpose of the statute to place exclusive liability upon the employer and thus grant immunity to others who were responsible for the employee's injuries.

It has been decided that an injury inflicted by a physician's malpractice cannot be said to have arisen out of and in the course of the workman's employment. (*Ruth* v. *Witherspoon-Englar Co.*, 98 Kan. 179; 157 P. 403.)

It is true of course that where one who has suffered personal injury by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon and his injuries are thereafter aggravated or increased by the negligence, mistake or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligence or unskillful treatment thereof, and holds him liable therefor. (*Milks* v. *McIver*, 147 Misc. 297; affd., 240 App. Div. 927; affd., 264 N. Y. 267.)

Here, however, two independent acts are presented. The compensation is not based upon negligence but solely upon the fact of employment. The injuries which gave rise to the malpractice action were solely the result of negligence. The two causes are entirely unrelated.

The cases in this and other jurisdictions hold that an action for malpractice against the insurance carrier's physician and a compensation claim are unrelated and independent of each other and that recovery in one does not bar recovery in the other. (*Hoehn* v. *Schenck*, 221 App. Div. 371; *White* v. *Matthews*, Id. 551; *Greenstein* v. *Fornell*, 143 Misc. 880; *Viita* v. *Fleming*, 132 Minn. 128; 155 N. W. 1077; *Smith* v. *Golden State Hospital*, 111 Cal. App. 667; *Hoffman* v. *Houston Clinic*, [Tex. Civ. App.] 41 S. W. [2d] 134; *Pedigo & Pedigo* v. *Croom*, [Tex. Civ. App.] 37 id. 1074.)

The award should, therefore, be affirmed, with costs to the State Industrial Board.

HILL, P. J., and CRAPSER, J., concur; McNAMEE, J., dissents, with an opinion in which BLISS, J., concurs.

McNAMEE, J. (dissenting). It is entirely clear from the testimony and findings, and from the complaint and bill of particulars attached thereto as exhibits for identification, that the claimant suffered one injury in his employment, and was treated therefor at the instance of the employer and carrier, within the contemplation and pursuant to the provisions of the Workmen's Compensation Law. It likewise appears from claimant's verified complaint in his action against the carrier that he suffered an injury due to the malpractice by the physician of the employer and the carrier. Thus there were two distinct injuries, although coalescing (*Milks* v.

*McIver*, 264 N. Y. 267), and as a result of both injuries the claimant suffered a one-third loss of his hand. The claimant brought a common-law action against the carrier, and alleged the maltreatment administered by the physician, and then settled that action for $3,500, about twice the amount recoverable under the statute for the schedule loss found. The carrier offered to show the relation of these injuries, and to what extent claimant was affected by each. But the broad ruling and peremptory attitude of the referee prevented counsel for the carrier from going further than he did in that particular, without defiance of the tribunal before which he was appearing. The referee and the Industrial Board refused to receive any proof of the injury produced by the malpractice; and no proof was offered as to the extent of the injury which resulted from the accident alone. Accordingly, the only proof before the Board was the fact that the claimant cut his wrist, and that three years later and after the malpractice injury, he was suffering the one-third loss of the hand. Whatever damage resulted from the malpractice had been satisfied by the settlement, at least in part if not entirely. There was no proof that the one-third loss of the hand was due to the original injury. How much of this damage was due to the accident and how much to the malpractice, the testimony does not show; yet the Board found that the entire loss was due to the accident, and this in direct conflict with the claimant's complaint in his common-law action. It was error for the Board to exclude and refuse to consider the complaint and bill of particulars, as it was error to reject the proof showing the extent of the respective injuries. Because of this action of the Industrial Board an excess recovery, and evidently a double recovery, has been permitted; and there is no proof to support the finding actually made.

I vote to reverse the award and remit the claim.

BLISS, J., concurs.

Award affirmed, with costs to the State Industrial Board.