CORRADO ARMIERI, as Administrator, etc., of UMBERTO DiDOMENICO, Deceased, Plaintiff, *v.* ST. JOSEPH'S HOSPITAL, ALBERT G. SWIFT and ERNEST LION, Defendants.

Supreme Court, Onondaga County, May 29, 1936.

*Furcinito & McKenna,* for the plaintiff.

*Lorenz J. Brosnan,* for the defendant Swift.

CROSS, J. This is a motion for judgment dismissing the summons and complaint herein, with costs as to the defendant Swift, pursuant to rule 107 of the Rules of Civil Practice, on the ground that the claim or demand set forth in the complaint herein has been released. It appears that on or about the 4th day of March, 1934, one

Umberto DiDomenico while crossing a public street in the city of Syracuse, was struck by an automobile alleged to have been driven by one George Albino and owned by Frank Albino. The complaint in the above-entitled action alleges that the said DiDomenico was taken to the defendant St. Joseph's Hospital for the purpose of receiving treatment and that he was discharged therefrom as cured. Plaintiff claims that the defendants negligently failed to discover the severe injuries which Mr. DiDomenico had received and that the action of the defendants in discharging said DiDomenico from the hospital in his then condition caused his death. It appears that thereafter the plaintiff herein instituted an action against George Albino and Frank Albino to recover damages for the wrongful death of said DiDomenico, alleging that his death was caused solely by the negligence of the defendants Frank Albino and George Albino. It further appears from the moving papers that this action against the Albinos was settled and compromised by the payment of the sum of $200, and that an instrument in writing was thereupon executed by plaintiff herein which defendant Swift now claims was a general release, which operated as full settlement of all existing claims and now precludes plaintiff from bringing an action for malpractice against him.

It seems clear that an original wrongdoer would be liable for the ultimate result, even though the mistake or negligence on the part of a physician increased the damage which otherwise would have followed the original wrong. (*Milks* v. *McIver*, 264 N. Y. 267.)

It likewise seems clear that a general release executed by the plaintiff to the Albinos would operate to bar any action by this plaintiff against the defendant Swift. (*Milks* v. *McIver, supra; Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628.)

" Instead of a release there may be merely a covenant not to sue, where it is usual to reserve the right to sue the other joint tort feasor." (*Wilder* v. *Pennsylvania Railroad Co.*, 217 App. Div. 661.)

As was said in the case of *Gilbert* v. *Finch* (173 N. Y. 455): " Where the release contains no reservation it operates to discharge all the joint tort feasors; but where the instrument expressly reserves the right to pursue the others it is not technically a release but a covenant not to sue, and they are not discharged."

An examination of the instrument claimed by the defendant Swift to be a general release discloses that there was an express reservation of any and all causes of action, if any, which the plaintiff herein might have against persons other than the Albinos.

In the case of *Milks* v. *McIver* (*supra*) a somewhat similar situation was involved and the court held that a release of the original wrongdoer barred an action against the negligent physician who aggravated the damage. It will be noted, however, that in that case there was no reservation of any cause of action and the instrument executed by the plaintiff to the original wrongdoer was in fact a general release. The *Milks* case differs from the instant case, in that there the plaintiff, having in mind all possible causes of action arising out of the original injury and knowing that the original wrongdoer was liable for the negligence of the physician aggravating the damage, executed a release of all causes of action. While it is true that the original wrongdoer is liable for the negligence of a physician which aggravates the original injury, it does not follow that liability on the part of a physician cannot exist merely because the original injury resulted from the act of some third person. Had the action in the *Milks* case been brought against the physician, and no action whatever brought against the original wrongdoer, it is unreasonable to suppose that that action would be barred merely because there existed in the plaintiff a right to sue the original wrongdoer, both for the original wrong and the aggravated damage occasioned by the physician's negligence.

LEHMAN, J., in *Milks* v. *McIver* (*supra*, p. 271) stated the nub of that case in the following language: " On this appeal we construe a complaint which alleges that the defendant negligently treated an injury which *is connected with and resulted from the wrong of another*. It follows that the cause of action so alleged is barred by the satisfaction received for that other's wrong."

In the instant case there has been no legal adjudication, and there is no claim in the complaint, that the Albinos were guilty of negligence or wrongdoing. Plaintiff's allegations in the complaint, in the former action against the Albinos, charging them with negligently causing the death of plaintiff's intestate, are, of course, competent as admissions, but as nothing more, and are not conclusive. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58, at p. 66.) The meager consideration for the instrument, coupled with the words of reservation and limitation therein, make it plain that the instrument claimed by defendant Swift to be a general release is really in the nature of a promise or covenant not to sue. The amount paid by the Albinos is palpably inadequate consideration to warrant the presumption of intent to discharge *in toto* the obligation for the wrongful death of plaintiff's intestate.

The reservation contained in the instrument executed by the plaintiff herein to the Albinos clearly shows an express intent to preserve any rights which the plaintiff may have against persons

other than the Albinos. If the status of the Albinos and defendant Swift were strictly that of joint tort feasors, this agreement, construed as a covenant not to sue, would not operate to bar the present action. (*Gilbert* v. *Finch, supra*.)

Upon the facts here present, the Albinos and defendant Swift do not come within the rule stated in *Milks* v. *McIver* (*supra*). The agreement between plaintiff and the Albinos does not, therefore, within the general rule operate to bar the present action.

The motion of the defendant Albert G. Swift is denied.