MABEL E. MILKS, an Infant under Fourteen Years of Age, by ROLAND MILKS, Her Guardian ad Litem, and ROLAND MILKS, Appellants, *v.* M. A. McIVER, Defendant, Impleaded with the MARY IMOGENE BASSETT HOSPITAL, of Cooperstown, N. Y., Respondent.

Third Department, July 2, 1937.

*Sharon J. Mauhs* [*John F. X. McGohey* and *Colin McLennan* of counsel], for the appellants.

*Lorenz J. Brosnan* [*Thomas H. Clearwater* of counsel], for the respondent.

PER CURIAM. This same complaint was before this court and the Court of Appeals on previous appeals from an order dismissing the complaint as to the defendant M. A. McIver. (See 147 Misc. 297; affd., 240 App. Div. 927; affd., 264 N. Y. 267.) The motion in that instance was made under rule 107 of the Rules of Civil

Practice upon the complaint and affidavits, and the complaint was there dismissed as to the defendant McIver upon the ground that the claim therein set forth had been released. The instant motion was made under rule 112 of the Rules of Civil Practice for judgment on the pleadings. As to the cause of action against the present respondent hospital, the Court of Appeals said in *Milks* v. *McIver* (264 N. Y. 267, 270): " The allegations of negligence of the physician in the complaint now under review are vague and all are connected with treatment of the plaintiff in order to cure her injury. Some allegations of negligence on the part of the agents, servants and employees of the hospital might, perhaps, be construed to include matters not connected with the original injury."

The facts hereinafter set forth appear from the complaint. In November, 1931, the defendants were employed to attend the infant plaintiff and treat her for injuries principally to her right leg received in an automobile accident. Thereafter they performed various treatments, operations and experiments upon such infant in an endeavor to cure her from such injuries, and McIver, the defendant physician, negligently and unskillfully performed such operations and the defendant hospital so negligently administered to her that she lost the use of the right leg and was further injured. The complaint also alleges that after the infant plaintiff became a patient in the hospital the hospital so negligently conducted itself in the premises that she was stricken with pneumonia and typhoid fever and that she contracted these diseases after her confinement in the hospital because of the negligent conduct of the hospital. The complaint does not allege that the contraction of such diseases bore any practical connection with the original injuries, their treatment or result.

The answer alleges as a separate defense, *first*, that the defendant hospital is a charitable institution, and, *second*, that actions had been previously brought to recover damages for the injuries sustained by the infant plaintiff in the automobile accident against the owner and operator of the automobile and that such actions have been settled and compromised and that the injuries upon which these actions were based included all the injuries upon which the present action is based. These allegations are denied by the amended reply.

We are not able to state from the pleadings that the causes of action alleged against the hospital are so connected with the original injuries as to have been included in the settlement. The plaintiffs are entitled to the assumption that the allegations of fact contained in the complaint are true and can be established upon the trial.

The order and judgment should be reversed on the law, with ten dollars costs, and the motion denied, with ten dollars costs.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents and votes to affirm the order and judgment appealed from.

Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.