ROSE M. COLLINS, Appellant, *v.* SIMON and IRVING SMITH, Doing Business as " THE DAISY BABY SHOP," Defendants, Impleaded with OLE AXELSON, Respondent.

Second Department, January 9, 1939.

*Robert E. Curran,* for the appellant.

*T. Carlyle Jones,* for the respondent.

ADEL, J. The order denying the motion to strike out the first complete defense in the amended answer should be affirmed, with ten dollars costs and disbursements.

The defense is good if the payment into court was not collusive. Plaintiff has received satisfaction from the tenant, and to permit her to recover also from the landlord is to violate the primary rule that the law does not permit a double satisfaction for a single injury. (*Milks* v. *McIver,* 264 N. Y. 267, 270.) There may be several suits and recoveries, but only one satisfaction. (*Gray* v. *Fogarty,* 237 App. Div. 855.)

When the money was paid into court and the time to appeal expired the judgment was satisfied. The joint tort feasor is discharged. (*Parks* v. *City of New York,* 111 App. Div. 836; affd., 187 N. Y. 555; *Reno* v. *Thompson,* 111 App. Div. 316; *Russell* v. *McCall,* 141 N. Y. 437; *Squire* v. *Ordemann,* 194 id. 394.)

If plaintiff held an unsatisfied judgment against the tenant and another against the landlord she could elect which of the judgments to enforce and a satisfaction of either judgment would satisfy the other; but, having failed to appeal from the judgment which has been paid, it must be held under the well-established rule that her damages have been liquidated by a jury, compensated for, and her cause of action extinguished. (*Osterhout* v. *Roberts,* 8 Cow. 43; *Livingston* v. *Bishop,* 1 Johns. 290.)

TAYLOR and CLOSE, JJ., concur; LAZANSKY, P. J., and DAVIS, J., dissent and vote to reverse and grant the motion on the following grounds: The satisfaction of judgment against Axelson was merely a public record satisfaction pursuant to subdivision 4 of section 530 of the Civil Practice Act, and, since plaintiff has not accepted the sum deposited, there was no voluntary satisfaction which could effect the release of the other defendant. (*Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628.) The provisions of section 232 of the Debtor and Creditor Law prevent the discharge of the other defendant.

Order denying motion to strike out the first complete defense in the amended answer affirmed, with ten dollars costs and disbursements.