SUSAN MCTIGUE, Respondent, v. TILLIE LEVY, Appellant.— The plaintiff was injured by falling upon a defective sidewalk. She brought suit against the City of New York and recovered a judgment which was paid and a satisfaction delivered and filed. Thereafter she commenced this action in the City Court of the City of New York, Kings County, against the owner of the abutting property, based upon the theory that it was the owner's negligence in repairing the sidewalk that created the dangerous condition. The defendant answered and set up as a separate defense the suit against the city for the same injuries, the recovery of the judgment and the satisfaction thereof. To this defense the plaintiff replied, alleging that simultaneously with the satisfaction of the judgment, at the request of the city she executed a release of all claims against the city and reserved her rights against the defendant, the abutting property owner. Thereupon, the defendant moved for judgment on the pleadings. Her motion was denied and upon appeal to the Appellate Term of the Supreme Court the order was affirmed. She appeals to this court by permission. Order of the Appellate Term affirming the order of the City Court, and order of the City Court of the City of New York, County of Kings, reversed on the law, with costs in all courts, and the motion for judgment on the pleadings granted, with ten dollars costs. While as a general proposition, release of one joint tort feasor with reservation of rights against another joint tort feasor will not discharge such other joint tort feasor (*Gilbert* v. *Finch*, 173 N. Y. 455, 460; *Milks* v. *McIver*, 264 id. 267, 269; *Whittemore* v. *J. L. & S. O. Co.*, 124 id. 565, 573), such principle has no application to the facts here. Satisfaction of a judgment recovered against one joint tort feasor operates as a discharge for all. (*Milks* v. *McIver*, *supra*; *Gray* v. *Fogarty*, 237 App. Div. 855; Civ. Prac. Act, § 112-a; *Russell* v. *McCall*, 141 N. Y. 437, 455; *Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 id. 410, 414; *Collins* v. *Smith*, 255 App. Div. 665.) The intention or reservation with which the plaintiff executed the satisfaction of the judgment does not alter the legal effect of such delivery. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.