Walter R. Hart, J.
This is a motion by plaintiff to consolidate an action in negligence for damages for personal injuries against the City of New York with another action brought by him against the Beth-El Hospital for malpractice. The two actions should be consolidated. Defendant city, if negligent, would be liable for the subsequent malpractice of defendant hospital. As stated by the court in Milks v. McIver (264 N. Y. 267, 269): “ A physical injury sustained through the negligence of one person may be cured by the skill of a physician, or aggravated through his negligence. The negligence of the physician may then give rise to a cause of action against bim, to recover the damages which the injured person would not otherwise have sustained. It may be argued that the original wrongdoer who *406 caused the injury and the physician whose negligence aggravated the injury are not, in technical sense, joint tort feasors. Nevertheless their wrongs coalesced and resulted in damage which would not have been sustained but for the original injury. A wrongdoer is responsible for- the proximate result of his wrong. What constitutes a proximate result is not a problem of philosophy. ‘ The law solves these problems pragmatically.’ (Bird v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 52.) ”
To a great extent medical testimony in the trial of the action against the city would be duplicative of that required in the malpractice action. To avoid multiplicity of trials with its concomitant needless waste of time, the court determines that the interests of justice will be served by a consolidation.
However, in view of the fact that the trial of the action against the city is imminent, whereas the action against the hospital has not been noticed for trial, the trial of the action as consolidated is to be deferred to the September 1962 Term. Settle order on notice.