Fboessel, J. (dissenting).
We would affirm here on the authority of Milks v, McIver (264 N. Y. 267) and Rapp v. Myers (291 N. Y. 709) which laid down a definite rule that has been followed and become well settled throughout the intervening years. It is supported by the weight of authority throughout the country (112 A. L. R. 553). That rule is that a general release given to one tort-feasor releases any other tort-feasor, including a physician charged with malpractice, whose wrongdoing coalesced to cause the plaintiff injury, unless the claimant in the releasing instrument reserves rights to proceed against the other (Lucio v. Curran, 2 N Y 2d 157, 162; Gilbert v. Finch, 173 N. Y. 455, 466).
*108 The complaint here pleads essentially an ordinary malpractice action, and nothing more. Defendant’s answer pleads a general release given to the original wrongdoer, the owner and operator of an automobile involved in an accident. The Appellate Division granted defendant’s motion for summary judgment, “ without prejudice to the commencement of another action * * * in keeping with the suggestion made on argument and on grounds other than malpractice
Plaintiff settled with the original wrongdoer for $8,000, less than eight months after she sustained her injuries, and executed a general release1 ‘ from all * * * causes of action * * * claims and demands whatsoever ’ ’ which she had against said wrongdoer. At the time, she was represented by eminent counsel. She was then still under treatment by defendant, but chose not to wait until her recovery. When she released the original wrongdoer, she in law released the defendant.
The argument that the so-called “ joint tortfeasor doctrine ” is not applicable here is not well founded. Judge Lehman, writing for a unanimous court in Milks v. McIver (supra), squarely met this argument (p. 269), and rejected it upon the ground that “their wrongs coalesced and resulted in damage which would not have been sustained but for the original injury. A wrongdoer is responsible for the proximate result of his wrong. What constitutes a proximate result is not a problem of philosophy. * The law solves these problems pragmatically. ’ ”
It is also clear that when Judge Lehman stated the “law does not permit a double satisfaction for a single injury” he concluded, as indicated by the sentence preceding, that ‘ ‘ satisfaction by the original wrongdoer of all damages caused by his wrong bars action against the negligent physician who aggravated the damage ”, and to permit the physician to be sued thereafter would amount to “ a double satisfaction ” (p. 270).
To allow plaintiff to go to trial here to prove her “ intention ” when signing the general release, which provided that it ‘ ‘ may not be changed orally ”, would be a dangerous practice and contrary to law (Lucio v. Curran, supra, p. 162), and releases in such cases as this would not be worth the paper they were written on. It would have been so simple to have inserted in the release a reservation of her rights against defendant or anyone else, as was done in McKenna v. Austin (134 F. 2d 659), *109 referred to -jiy Judge Fuld. As the same court subsequently stated in Henry Fuel Co. v. Whitebread (236 F. 2d 742, 744), the McKenna case “holds no more than that ‘Partial satisfaction taken in compromise and release of liability of one or some of the wrongdoers does not discharge the others. ’ ” (Emphasis supplied.)
The question again arises: Shall we in this particular case change another well-settled rule without notice to the Bench, the Bar, litigants generally and others interested? It may well be that it is as wrong to charge the doer of a merely negligent act with the subsequent malpractice of a physician who has aggravated an originally simple injury, as it is to give such physician the benefit of a general release to the original wrongdoer. Under the majority holding, the difficulty, in succeeding actions, of assessing unliquidated damages as between the original wrongdoer and the physician, and the matter of contribution, present further problems. The appropriate way to meet such a situation as this is not by piecemeal decisions in particular cases overruling our prior holdings, but to permit the Legislature to act after a comprehensive study of the entire subject, and after due notice to all concerned, so that in the future they may govern themselves accordingly.
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Burke and Foster concur with Judge Fuld; Judge Froessel dissents in an opinion in which Judges Dye and Van Voorhis concur.
Judgment reversed, etc.