J. Irwin Shapiro, J.
In this medical malpractice action, in which plaintiff claims that defendants (hospital and physicians) by their treatment aggravated the injuries he sustained in an automobile accident, defendant Bloomberg moves for summary judgment upon the ‘ ‘ ground that the plaintiff has been fully compensated for the injury claimed and has issued a satisfaction of judgment therefore” [sic]. The other defendants, in supporting affidavits (but not by formal notices of motion) request that similar relief be accorded them.
In 1963, plaintiff commenced a negligence action to recover for personal injuries he sustained as the result of an automobile accident. That action was tried on October 3, 1966 and resulted in a jury verdict in plaintiff’s favor in the sum of $407,500. On November 25, 1966 the judgment entered on that verdict was satisfied of record by a satisfaction thereof executed by plaintiff on November 7, 1966. However, plaintiff was not paid the amount of the judgment; he received only $190,000 in satisfaction of the judgment, the insurance carrier paying $100,000 (the limit of its policy) and one of the defendants in that action paying $90,000 (which, plaintiff asserts, was all that in good conscience could be obtained from defendants without putting them “into absolute dire financial stress had there been execution of the judgment ”).
In June, 1965, prior to the trial of the negligence action and the entry of the resulting judgment, plaintiff commenced this action for medical malpractice upon the claim that defendants, by their improper and negligent treatment of the fractures of the left tibia and fibula and other injuries he had sustained in the automobile accident, had aggravated those injuries to *744 the extent that his left leg was amputated followed by other serious physical and psychiatric complications and reactions. The injuries claimed by plaintiff in his bill of particulars here are, to all intents and purposes, the same injuries as those which he had set forth in his bills of particulars in the prior negligence action.
Belying upon the principles that the initial wrongdoer, as in this case, is liable for the ultimate result even though the negligence of a physician may subsequently have served to aggravate the injuries originally sustained by the plaintiff (Milks v. McIver, 264 N. Y. 267, 269-270; Matter of Parchefsky v. Kroll Bros., 267 N. Y. 410, 414; Derby v. Prewitt, 12 N Y 2d 100, 103; cf. Clark v. Halstead, 276 App. Div. 17, 18), and that the law does not permit a double satisfaction for a single injury (Milks v. McIver, supra, p. 270; Matter of Parchefsky v. Kroll Bros., supra, p. 414; Derby v. Prewitt, supra, p. 107), defendants make two contentions in support of this motion. One is, in essence, that plaintiff, having recovered a judgment in the negligence action, in the trial of which the aggravated injuries presumably were an element (see Clark v. Halstead, supra, p. 18), may not recover again for these subsequent injuries. The other is that the satisfaction of the judgment given by plaintiff discharging the defendants in the negligence action from all claims also served to operate as a discharge against the defendants in this action. In support of this contention defendants rely on McTigue v. Levy (260 App. Div. 928) which stands for the proposition that the satisfaction of a judgment recovered against one joint tort-feasor operates as a discharge of all other joint tort-feasors.
It is true that a satisfaction of a judgment recovered against one joint tort-feasor discharges all joint tort-feasors. However, that principle does not apply to the fact situation here presented for the simple reason that, contrary to defendants’ assumption, the defendants in the negligence action and the defendants in this action were not joint tort-feasors. (Rask v. County of Nassau, 24 A D 2d 580.) The two sets of defendants did not commit one wrong which resulted in the injuries plaintiff suffered. Bach set of defendants committed independent and successive wrongs. (Derby v. Prewitt, supra, pp. 105-106.) That defendants in a negligence action may be held answerable for aggravated injuries caused by subsequent improper medical treatment does not result in constituting them joint tort-feasors of the malpractice defendants. In the Parchefsky case (supra, pp. 413-414) it was pertinently said: ‘ ‘ A person who negligently injures another is not a joint tort feasor with a physician *745 whose negligence thereafter aggravates the original injury. Nevertheless, the malpractice coalesces with the original injury at that point and the two independent wrongs become concurrent causes of the ultimate result. Then the position of the independent tort feasors becomes in many respects analogous to the position of joint tort feasors. Action may still be brought, and recovery had, against the original wrongdoer for all the damages caused by his wrong or recovery may be sought and obtained from the physician for the damages which follow upon his wrong. A pending action, brought against the physicians is not an election of remedy which bars a subsequent recovery against the original wrongdoer for damages resultant from the original wrong.” In fact, the same holding, citing Parchefsky, was also made in McTigue, the case relied upon by defendants. The McTigue case is, therefore, not applicable here, for, in that case, a satisfaction of judgment was given to a true joint tort-feasor. There, after the satisfaction of a judgment obtained in an action against the city for the maintenance of a defective sidewalk on which plaintiff fell, action was brought against the abutting property owner for negligently repairing the sidewalk and thereby causing the dangerous condition which was the basis of the action against the city. Creating the dangerous condition and permitting it to exist constituted one wrong and not two independent successive wrongs. They were merely different forms of the same wrong. Thus both the city and the abutting owner were joint tort-feasors and the satisfaction of the judgment obtained against the city barred any right of recovery against the owner.
That is not the situation here. Nor can it be said that the recovery sought here violates the rule barring “ a double satisfaction for a single injury” (Milks v. McIver, supra, p. 270). The word “satisfaction” as used in the eases contemplates full and total compensation for the injuries suffered and not the delivery of a legal document (the satisfaction piece) by the judgment creditor to the judgment debtor. That is the only logical conclusion deducible from the rule pronounced in Milks (supra, p. 270), where the court said that “ satisfaction by the original wrongdoer of all damages caused by his wrong bars action against the negligent physician who aggravated the damages. The law does not permit a double satisfaction for a single injury.” (Emphasis supplied.) Here there is no dispute that plaintiff was not paid the amount of the judgment obtained by him. In accepting what he could get from the judgment debtor and the latter’s carrier, the plaintiff was getting merely part payment on account of his injuries. (See *746 Clark v. Halstead, 276 App. Div. 17, supra.) He did not thereby receive ‘ ‘ satisfaction ’ ’ from the defendants in the negligence action.
To what extent the moneys received by plaintiff may have included payment for the aggravated injuries cannot be determined on this motion. What was said in Derby v. Prewitt (supra) regarding the rule pronounced in Milks v. MeIver (supra) and Matter of Parchefsky v. Kroll Bros. (supra) regarding the prohibition against double satisfaction for a single injury is particularly applicable here (p. 107): “ This emphasis on the element of ‘ satisfaction * * * of all damages ’ plainly suggests that the court did not lay down an absolute rule of law or hold that the same result was to be reached where the facts, as here asserted, point in the opposite direction and indicate that the parties to the release could neither have taken into account damages attributable to the doctor’s negligence nor have intended the amount paid in settlement as full satisfaction. The issues presented, impossible of disposition by the court as matter of law upon motion, must be resolved by the trier of the facts upon trial.” (Emphasis supplied.)
It is true that in Milks it was held that a general release given to the original wrongdoer ‘ ‘ bars action against the negligent physician who aggravated the damages.” That holding, however, is not controlling here. To begin with, the force, or even the viability, of that holding was brought into serious doubt in Derby v. Prewitt (supra, pp. 104-107). In addition, in Milks the prior negligence action was settled and a release given to the original wrongdoer clearly with ‘ ‘ a view to covering ” not only the original injuries but the aggravated injuries as well (Prewitt, supra, p. 107). Here, the malpractice action was pending when the satisfaction of the judgment was given for a consideration much less than the amount of the judgment. Thus the thesis that it was intended to cover all the injuries is negated. (See, e.g., Rask v. County of Nassau, 24 A D 2d 580, supra.) Accepting an amount of less than half of the judgment cannot, as a matter of law, be said to have been paid and received with any such intention. Therefore, even if it be assumed that the principle enunciated in Milks (supra) is still the law, it is not applicable here, for a general release may not be equated under the circumstances of this case with a satisfaction of a judgment. When a release is given pursuant to a settlement, the value of the injuries prior thereto is in dispute and may therefore be contemplated to cover all the injuries suffered, whereas in the case of a judgment the damages have become liquidated and it cannot logically be said, when *747 one half the amount adjudicated to be due for the damages sustained is paid by the judgment debtor, it serves as a release of liability of another tort-feasor.
The motion to dismiss the complaint on the ground that the plaintiff has been fully compensated for his injuries is denied.