■ VINCENT MALVICA, Respondent-Appellant, v. EMANUEL BLUMENFELD, Appellant-Respondent, et al., Defendants.— Order entered September 2, 1969, granting plaintiff-respondent's motion to dismiss the defense of release and denying defendant-appellant's cross motion to dismiss the complaint on the ground that the action is barred by release, unanimously reversed, on the law, with $50 costs and disbursements to the defendant-appellant-respondent, plaintiff-respondent's motion denied, defendant-appellant's cross-motion granted, and the complaint dismissed as to defendant Blumenfeld on the ground that the action is barred by release. The suit is for alleged malpractice in treating injuries sustained by plaintiff in an accident which occurred in 1962 at his place of employment. A prior action was brought against three construction companies, which was settled in September, 1967, plaintiff delivering a general release, which did not contain any reservation of right to proceed against others. The last act constituting the alleged malpractice had already occurred in September, 1965, two years theretofore, and this action was commenced immediately following the settlement by the same attorneys who had participated therein. An amended answer was interposed, pleading the release as a bar. In granting plaintiff's motion to strike the defense, Special Term relied on *Derby* v. *Prewitt* (12 N Y 2d 100) apparently reading it as having abrogated completely the ancient rule, expressed in *Milks* v. *McIver* (264 N. Y. 267), reaffirmed in *Rapp* v. *Myers* (291 N. Y. 709) that, in these circumstances, "a cause of action [for malpractice] is barred by the release of the original wrongdoer" (*Milks*, p. 271). *Derby*, it appears to us, did no such thing, and the holding there should be confined to the type of circumstance there described. In comparing the *Milks* facts, gleaned from the Special Term decision therein (147 Misc. 297, 299), with those in *Derby*, [now Chief] Judge FULD pointed out that whereas at the time of the *Milks* settlement, " all of the elements of damage, including aggravation of the initial injury, were fully known to the parties" at the time of settlement (p. 107), "it is to be decided as an issue of fact upon a trial [in *Derby*], * * * whether the plaintiff's settlement with the taxicab driver did actually constitute satisfaction of all damages caused by his wrong or was intended as such. If it did, or was so intended, no claim remained against the doctor. But, if it did not reflect full satisfaction, and was not so regarded — and the burden of proving this essential fact rests upon the plaintiff — the release will not prevent recovery against the doctor " (p. 106). In short, a presumption formerly thought to be irrebuttable was held to be rebuttable. The papers before us reflect no issue of fact on this score, for it

appears without any substantial dispute that the release was given without reservation at a time when the fact of aggravation of the injury by malpractice was fully known, and therefore " did actually constitute satisfaction of all damages " and " no claim remained against the doctor." In these circumstances, Special Term should have sustained the release as a bar to the action. We are, of course, not unaware that Judge FULD devoted a full page in *Derby* to citations of criticism of the *Milks* rule as a " ' surviving relic of the Cokian period of metaphysics ' ", as " ' at best an antiquated survival ' ", and as " ' anomalous in legal theory ' " (p. 104), but the holding is not founded thereon. (See discussions; 63 Col. L. Rev. 1142; 15 Syracuse L. Rev. 339, 355.) If it is to be said squarely that the *Milks* rule has seen its day and no longer obtains, it is not for us but for the Court of Appeals or the Legislature to write its epitaph. Until and if that be done, we are constrained in the circumstances here found to follow *Milks* and *Rapp*. Concur — Eager, J. P., McGivern, Markewich and Nunez, JJ.