**1**

In the Matter of CLARA SVERD, Respondent, against SAMUEL MOSTEL, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

**2**

TILLIE PRETZFELDER, Respondent, v. ERWIN KAHN, Appellant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted and the complaint dismissed, and judgment is directed to be entered herein in favor of the defendant, with costs. It is obvious that the plaintiff has suffered only a single injury. She is not entitled to double satisfaction. Where the plaintiff has already been recompensed in her negligence action against the active wrongdoer and executed a general release, the niceties of legal theory may not be employed to support a second recovery in contract for the same injury as against the defendant in this action (see *Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410; *Gavin* v. *Malherbe*, 264 N. Y. 403; *Milks* v. *McIver*, 264 N. Y. 267; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449; *Lord* v. *Tiffany*, 98 N. Y. 412, and *Rector of St. James Church* v. *City of New York*, 261 App. Div. 614). Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

**3**

JEAN N. PENFIELD, Individually and on Behalf of All the Tenants of 211 East 35th Street, Borough of Manhattan, Similarly Situated, et al., Respondents, v. MURRAY HILL HOLDING CORP., Appellant.— Judgment unanimously reversed, with costs to the appellant, the complaint dismissed and judgment is directed to be entered in favor of the defendant, with costs. Where, as here, the plaintiffs' leases have expired, they hold over as statutory tenants in occupancy not pursuant to any agreement, but solely by virtue of the law's compulsion on the landlord (*Whitmarsh* v. *Farnell*, 298 N. Y. 336; *Stern* v. *Equitable Trust Co.*, 238 N. Y. 267). A plenary suit for enforcement of alleged contractual rights obviously cannot be maintained in the absence of contract. As statutory tenants, the plaintiffs' rights are defined and regulated by the statute, which provides adequate procedures for redress of grievances by way of statutory remedies. Their failure to exhaust such remedies before the State Rent Administrator destroys their standing in equity. The right to equitable relief depends on the absence of adequate remedies under the law. (See *Brownrigg* v. *Herk Estates*, 276 App. Div. 566.) Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

**4**

KALLIOPE PARASHAKIS et al., Appellants, v. 621 BUILDING CORP., Respondent.— Determination unanimously reversed, with costs to the appellants, and the judgment of the Municipal Court reinstated. Though the origin of the fire be unknown, the trier of the facts could decide on the evidence, as it apparently did, that fire coming up the dumb-waiter shaft and doing the damage complained of was due to the accumulation of inflammable debris in the dumb-waiter pit. This the court could find was a condition fraught with exceptional danger as well as a violation of the Multiple Dwelling Law and rules of the department of housing and buildings and negligence on the part of the defendant. We do not hold that in every instance where a fire of unknown origin occurs, a liability attaches due merely to the omission of some fire prevention measure which might have prevented the fire. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.