HIRAM C. BARBEE et al., Plaintiffs, *v.* 2639 CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, September 30, 1953.

*Robert S. Fougner* for defendants.

*Stephen K. Rapp* for plaintiffs.

HECHT, J.   This is a motion to dismiss the complaint and for incidental relief.

The action is brought by various tenants of apartments in a building known as 270 Park Avenue to enjoin the defendants from various acts which plaintiffs claim curtail or diminish the services to which they are entitled and interfere with their quiet and peaceful enjoyment of their apartments. The complaint alleges that as various apartments have been vacated by their occupants the defendants have converted them to business or commercial use (par. 17); that the defendants have permitted unsightly mailboxes to be affixed to the walls and entrance halls for the convenience of commercial tenants; that they have permitted directories to be affixed to the walls which list the names and room numbers of commercial and business tenants; that they have permitted the installation of pay telephone booths in certain small entrance hallways for the use of the public; that they have discontinued the previously existing system of announcing callers to the respective apartments before they were permitted to enter the passenger elevators; that they have permitted the passenger elevator in each unit of the building to be used by commercial and business tenants and their customers; that they have permitted commercial and business tenants and their visitors and others to use the central courtyard of the building and park their vehicles therein (par. 20); and that in or about May, 1953, the defendants closed the vehicular entrance to the inner courtyard and the driveway leading thereto and commenced to pave the courtyard for conversion to a public parking place. In addition, the complaint alleges that the superseding certificate of occupancy under which the defendants proceeded to convert various apartments to commercial and business use had been obtained from the department of housing and buildings pursuant to a false representation that the building would shortly be demolished and that the change in use requested was to be only for a brief period up to the time of demolition. It is further alleged that when the department realized that the representations had been falsely made it placed numerous violations on the building, " some or all of which have not, to this date, been removed " (par. 19).

The complaint fails to allege any facts indicating that any of the plaintiffs have a presently existing contractual right to complain of any of the acts of the defendants above referred to. Indeed, the plaintiffs are admittedly statutory tenants whose leases have expired.

In *Penfield* v. *Murray Hill Holding Corp.* (281 App. Div. 675) statutory tenants brought an action to require their landlord to restore various services which had been discontinued,

including doormen, elevator attendants, an indoor phone system from the entrance hall to the various apartments, and mail and package deliveries to the apartments. The judgment of the Special Term in favor of the plaintiffs on the theory that the tenants were threatened with irreparable damage by the deprivation of essential services necessary to the enjoyment of their apartments was reversed by the Appellate Division in this department. The court said: "Where, as here, the plaintiffs' leases have expired, they hold over as statutory tenants in occupancy not pursuant to any agreement, but solely by virtue of the law's compulsion on the landlord (*Whitmarsh* v. *Farnell*, 298 N. Y. 336; *Stern* v. *Equitable Trust Co.*, 238 N. Y. 267). A plenary suit for enforcement of alleged contractual rights obviously cannot be maintained in the absence of contract. As statutory tenants, the plaintiffs' rights are defined and regulated by the statute, which provides adequate procedures for redress of grievances by way of statutory remedies. Their failure to exhaust such remedies before the State Rent Administrator destroys their standing in equity. The right to equitable relief depends upon the absence of adequate remedies under the law. (See *Brownrigg* v. *Herk Estates*, 276 App. Div. 566.) "

In *Fireman* v. *Newcraft Associates* (200 Misc. 894), Mr. Justice BREITEL, now a member of the Appellate Division of this department, in dismissing the complaint, said (pp. 898–900): "There is further ground upon which plaintiffs are limited to administrative remedies before the Temporary State Housing Rent Commission. The leases involved have expired by their terms. While the terms of such leases are by virtue of the statutes projected during the period of the emergency, the tenants are nevertheless statutory tenants. Consequently, any rights they have are statutory, and not contractual. * * * As a matter of broad policy the matters in issue here should be handled at an administrative level, in the absence of a clear contractual right. Any other result would clutter overcrowded courts with the detailed regulation of disputes by the landlords and tenants. * * * In the absence of contractual rights, the courts cannot intervene and, moreover, should not intervene, first, to destroy a legislatively propounded pattern, and second, to move into the courts a scheme of regulation for which the courts are not equipped."

Subdivision (b) of section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) empowers the Temporary State Housing Rent Commission to issue regulations "to assure [to statutory tenants] the main-

tenance of the same living space, essential services, furniture, furnishings and equipment as were provided on the date determining the maximum rent '' and '' to decrease the maximum rent for any housing accommodation with respect to which a maximum rent is in effect pursuant to this act if it shall find that the living space, essential services, furniture, furnishings or equipment to which the tenant was entitled on such date has been decreased.'' Section 10 of the statute prohibits any person from demanding or receiving rents in excess of the maximum rent and declares it to be unlawful for any person '' otherwise to do or omit to do any act, in violation of any regulation, order or requirement hereunder ''. Section 11 authorizes the commission, whenever in its judgment any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 10, to apply to the Supreme Court for the injunctive relief. It seems clear from the foregoing statutory provisions that the Legislature conferred upon the Temporary State Housing Rent Commission exclusive jurisdiction, at least in the first instance, to deal with complaints of statutory tenants that their living space, essential services, furniture, furnishings and equipment were being reduced or curtailed. The commission was given the right, if it found the complaints justified, to decrease the maximum rents or to apply for injunctive relief against the acts of the landlord.

The motion to dismiss the present complaint pursuant to rule 106 of the Rules of Civil Practice, on the ground of lack of jurisdiction must clearly be granted, for the reasons indicated, insofar as the complaint is based upon the claim that the defendants are curtailing or reducing services and are threatening to curtail or reduce other services.

The complaint likewise fails to allege facts sufficient to confer jurisdiction upon the courts as to the plaintiffs' claim that the conversions of apartments to commercial or business purposes violate rights of the plaintiffs as statutory tenants. The allegation that the conversions are being made pursuant to a superseding certificate of occupancy obtained from the department of housing and buildings as a result of false representations is of no avail to plaintiffs, for there is no allegation that the superseding certificate of occupancy has ever been revoked by the department notwithstanding the fact that it appears from the allegations of the complaint that the falsity of the representations is known to the department. The only action taken by the department, according to the complaint, appears to have

been the placing of violations on the building. The allegation that " some or all " of the violations have not been removed is consistent with the possibility that only a few unsubstantial violations still exist. There is therefore insufficient justification in the allegations of the complaint for a determination that the courts, rather than the Rent Commission, have jurisdiction of the grievances complained of. That branch of the motion which is made pursuant to rule 106 of the Rules of Civil Practice, and which must be determined solely on the basis of the allegations of the complaint, is accordingly granted.

In view of this disposition it is unnecessary to consider that branch of the motion which is made pursuant to rule 107 of the Rules of Civil Practice. Although it appears from the affidavits submitted in connection with the application under rule 107 (*supra*), that the tenants did complain of the conversions to the Rent Commission, it also appears that the Rent Administrator held that the issues with respect to the claim that the conversions were accompanied by violations should be determined in a proceeding then pending before the department of housing and buildings. No protest of this determination was made by the tenants nor was any appeal from the determination taken.

Whether a complaint alleging facts establishing that the violations accompanying the conversion of apartments to commercial and business purposes are of a serious nature and imperil the safety of the plaintiffs would confer jurisdiction upon this court without the necessity of exhausting the plaintiffs' remedies before the Rent Commission is a question which is not presented for determination on the present record since the present complaint contains no such allegations and must therefore be dismissed under that branch of the motion which is predicated upon the provisions of rule 106 of the Rules of Civil Practice.

Plaintiffs may serve an amended complaint within ten days from the service of a copy of this order, with notice of entry.