HIRAM C. BARBEE et al., Plaintiffs, *v.* 2639 CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, January 27, 1954.

*Stephen K. Rapp* for plaintiffs.

*Robert S. Fougner* for defendants.

DINEEN, J. Defendants move to dismiss the amended complaint pursuant to subdivisions 1 and 4 of rule 106 and subdivision 1 of rule 107 of the Rules of Civil Practice, and to vacate the *lis pendens*. The action was instituted for a declaratory judgment and an injunction. The controversy has its inception in what can be described as a change-over from a residential type of occupancy to one of business occupancy. Defendants contend that the State Rent Commission has exclusive control and that this court lacks jurisdiction, and as a matter of discretion this court should refuse to take jurisdiction. The objection that the determination of Mr. Justice HECHT in dismissing the complaint* is *res judicata* is untenable in view of the leave granted to serve an amended complaint. Authorities are too numerous to cite to the effect that an amended complaint supersedes the original and is a pleading which if attacked is to be considered *in toto* and *de novo*. The gravamen of the complaint is the unlawful attempt of defendants to convert a residential building to commercial or business uses and other affirmative acts in connection therewith which, it is alleged, imperil the safety of the plaintiffs. The facts alleged are not such as to confer jurisdiction in the first instance upon the State Rent Commission. Such commission could not grant the relief requested. The questions raised herein are not within the province of any administrative agency. The acts complained of are of such character that they can only be redressed by the court. Motion denied in all respects. Order signed.

---

* See, also, *Barbee* v. *2639 Corp.*, 204 Misc. 668.— [REP.