Felix C. Benvenga, J.
Plaintiff moves for dismissal of the second and third defenses for insufficiency.
The action is upon a lease and an alleged breach thereof, in s that defendant tenant left the premises in a condition constituting a violation of the lease covenant, thus entitling plaintiff to compensation for the injury. The second defense is based upon payment by and release to the mover, not a party to the action. Plaintiff contends that a claim in contract cannot be barred by a release given to a third party upon a claim in negligence. The injuries, for which compensation is sought, are set out in paragraphs 6th and 7th of the complaint. Apparently, only those arising upon the removal are the subject of para *764 graph 7th and the defence of payment and release relate to such injuries, while the allegations of paragraph 6th relate to other injuries occurring prior to the removal. Although the defense may not be said to make any such distinction, its sufficiency as a complete defense or the necessity of pleading a partial defense would depend on the proof (Civ. Prac. Act, § 262). But whether alleged as a complete defense or a partial defense, plaintiff may not have double satisfaction for a single injury. A stated injury produced jointly by an act of negligence by one party and by violation of a lease covenant -by another party can produce only one satisfaction. Difference in the form of action taken to redress the wrong is of no moment where the injury for which satisfaction is sought from several parties is the same (Pretzfelder v. Kahn, 281 App. Div. 675; Gray v. Fogarty, 237 App. Div. 855, 856). Appleton v. Marx (117 App. Div. 206, 211, affd. 191 N. Y. 81) upon which plaintiff mainly relies, is not to the contrary. That case merely holds that subsequent repairs by a third party, a stranger to the lease, cannot take away a right of action against a tenant who has breached a covenant to keep and leave the premises in good repair. That is not the situation here.
The third defense alleges that plaintiff has received and accepted payment in full accord and satisfaction of its claims. It may well be that such payment was made by or on behalf of defendant and accepted as such, or in payment of some or all of the injuries set forth in paragraphs 6th and 7th of the complaint. The statement of the defense in its present form is insufficient, whether intended as complete or partial.
The motion is granted dismissing the third defense and it is denied as to the second defense, with leave to defendant to serve an amended answer within 10 days from service of a copy of this order, with notice of entry, which may allege the second and third defenses in sufficient form as complete defense and as a partial defense, if so advised.