M. Henry Martuscello, J.
Motion to dismiss complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice.
On March 16, 1955 plaintiff was injured in premises owned by 160 Henry Street Corporation and two days later she went to defendant hospital for treatment and was discharged after certain X rays were taken. Later she brought an action against said owner for the injuries sustained and settled that action for the sum of $9,000 on October 8,1956, when she executed and delivered a general release, without any reservations, to said owner. Thereafter, and on January 14, 1957, plaintiff commenced the instant action. In the complaint herein it is alleged in substance that the defendant, through its agents, servants and employees, was negligent and careless in reading and interpreting X rays taken on March 18, 1955 and thereby failed to *433 discover certain fractures; and that as a result thereof plaintiff sustained severe personal injuries and failed to obtain proper medical attention for the injuries she had already sustained.
Defendant contends that the giving of the aforesaid general release to the original defendant operated as a release of plaintiff’s claim against it.
The complaint herein is concededly based on the original injuries. As the original wrongdoer was liable for the ultimate result of its acts, though the alleged mistake or negligence of the defendant may have increased damage which would otherwise have followed from the original wrong, satisfaction by said original wrongdoer of all damage caused by its wrong bars action against the defendant herein, the law not permitting a double satisfaction of a single injury (Milks v. McIver, 264 N. Y. 267).
The opposing papers do not indicate that defendant’s alleged mistake operated to plaintiff’s damage in that she executed the release unaware of the fractures alleged to have been sustained, in which case an action predicated thereon would not be barred (Kropp v. De Angelis, 138 N. Y. S. 2d 188). On the contrary, it appears that at the time the release was delivered plaintiff was well aware of her true injuries.
Plaintiff seeks leave to plead over on the theory of breach of contract and cites as authority therefor Von Blumenthal v. Cassola (166 Misc. 744, affd. 254 App. Div. 857). There, the plaintiff, having released the original wrongdoer, sued the defendant, a surgeon, for breach of contract, claiming that said defendant operated on plaintiff in connection with the original injuries and failed thereby to obtain a good result as he had guaranteed. It was held that the release of the original wrongdoer did not bar that action.
It seems to me that the situation here is different and that plaintiff sustained but a single injury. Defendant’s failure to discover the fractures, at best, may have aggravated plaintiff’s condition by delaying proper medical treatment therefor and thus prolonged her pain. However, said consequence would be the proximate result of the released owner’s negligence and would not give rise to an injury distinct and separate from the original one. Having been recompensed for that injury, plaintiff cannot resort to niceties of legal theory to support a second recovery in contract for the same injury against the defendant herein. (Pretzfelder v. Kahn, 281 App. Div. 675.)
Motion granted. Complaint dismissed.