■ OLIVER CROMWELL OWNERS, INC., Respondent-Appellant, v SYLVIA K. BENGUALID et al., Appellants-Respondents, et al., Defendant.—Appeal from the order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered February 9, 1990, granting defendant E.S. Barrekette's cross-motion to dismiss plaintiff's eighth cause of action, unanimously dismissed, without costs. Order of the same court, entered July 17, 1990, which granted defendants' motion for summary judgment dismissing the complaint to the extent of dismissing the first and fourth causes of action in their entirety and the second, third, fifth and sixth causes of action insofar as based on misrepresentations involving the physical condition of the premises in question, and which granted partial summary judgment in favor of plaintiff on its ninth cause of action in the amount of $200,203, unanimously modified, without costs, to dismiss the second, third, fifth and sixth causes of action in their entirety, and otherwise affirmed. Order of said court, entered February 8, 1991, which denied motions by both plaintiff and defendants for leave to renew, unanimously affirmed, without costs.

Plaintiff, a cooperative apartment corporation, seeks to recover damages against defendants, sponsors of the offering plan, and defendants' engineer, defendant Barrekette, for fraud, breach of contract and Martin Act and other statutory violations.

Although plaintiff filed a notice of appeal from the order entered February 9, 1990 granting Barrekette's motion to dismiss the eighth cause of action on the ground that it does not plead fraud as against it with sufficient particularity, plaintiff's briefs raise no argument in respect thereto, and we accordingly dismiss that appeal.

Concerning the ninth cause of action claim that defendants wrongfully took a credit against their reserve fund obligations for capital replacement cost, we note that a sponsor is permitted to take a 1% credit against initial reserve fund contributions for certain capital replacements begun after the plan is

submitted for filing but before it is declared effective (Administrative Code of City of New York § 26-702 [c]; § 26-703 [c]). Defendants submitted the preliminary offering plan ("red herring") to the Attorney-General in July 1983 and filed the final offering "Black Book" on March 1, 1984; the plan was declared effective on May 22, 1984. The IAS court correctly concluded that the sponsor had improperly taken a credit against the reserve fund for replacement window installations, and properly required that the monies be repaid. It does not avail defendants to argue that the monies were repaid and that a loan was thereafter taken as an advance against a portion of its reserve fund obligations since the initial reserve fund obligations were nonwaivable and thus the loan could not replace the statutory obligation *(305 E. 24th Owners Corp. v Parman Co.,* 69 NY2d 991, *revg* 122 AD2d 684, 691-703, *for reasons stated in partial dissent of Murphy, P. J.).* As the court properly awarded plaintiff judgment on its ninth cause of action, any subsequent award on the second, third, fifth and sixth causes of action would result in a multiple satisfaction for the same injury *(see, 93 Prince St. Corp. v Wolf,* 11 Misc 2d 763, *affd* 4 AD2d 859). Accordingly, we modify the order of July 17, 1990 to dismiss those causes of action in their entirety.

Assuming, as plaintiff contends, that it has standing to assert misrepresentations under the Martin Act *(see,* General Business Law § 352-e [1] [b]; *East End Owners Corp. v Roc-East End Assocs.,* 128 AD2d 366, 370, *appeal withdrawn* 70 NY2d 952), summary judgment dismissing its causes of action for fraud, breach of contract and violations of the Martin Act was properly granted, in view of the extensive documentary proof submitted by defendants showing that plaintiff knew of the condition of the building, including the engineer's report in the "Black Book" detailing the condition of the exterior, roof, fixtures and equipment and the need for repairs. Plaintiff's conclusory allegations were insufficient to raise any issues of fact in this regard *(Glassman v Catli,* 111 AD2d 744).

Finally, the motions for renewal were properly denied, since neither party set forth additional material facts existing at the time of the original motion that were not then known to them, or a valid excuse for their failure to submit them on the original motion *(Foley v Roche,* 68 AD2d 558, 568).

We have considered all other arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.